ALEXANDER CURTIS v. ROBERT CASH and others.

*Agricultural Partnership—Landlord and Tenant—Jurisdiction— Practice—Issues.*

1. Where one furnishes land, team and its feed, and another gives the time and attention and meets the expenses requisite to the making of a crop upon such land, under an agreement that the gross products are to be evenly divided between the parties, the relation of copartners is thereby constituted between them.

2. Even if the contract should be treated as one of tenancy, the relation would terminate upon the division of the crop, (there being no unsatisfied lien for advances or to secure the performance of other stipulations) and the land-owner would be guilty of a trespass in forcibly seizing and carrying away the share of the other party stored in a barn on the premises.

3. An action for such a trespass would fall within the original jurisdiction of the superior court.

4. Where a party does not tender such issues as he may desire, in the court below, and show their pertinency, he cannot complain here that those issues were not framed by the court and submitted on the trial.

(*Lewis* v. *Wilkins*, Phil. Eq., 303; *Kidder* v. *McIlhenny*, 81 N. C., 123, cited and approved.)

CIVIL ACTION tried at Spring Term, 1878, of GRANVILLE Superior Court, before *Seymour, J.*

The action is to recover damages from the defendants for their forcible seizure and removal of a lot of tobacco, claimed by the plaintiff, and in his possession.

It appeared from the evidence that the plaintiff, in the year 1877, leased from the defendant, Abner J. Veazey, a small one-horse farm, and cultivated the same under an agreement that the latter should furnish, in addition to the land, a horse to work it, and his feed, and that the plaintiff should supply the labor and whatever else was necessary in making the crop, and that the crop should be equally divided between them. The crop made was divided; the said

defendant received and removed his share; and the share of the plaintiff in the tobacco, the subject of the action, was set apart to him, and secured in a barn and smoke house on the premises. The defendants came on the land, forced open the doors of the houses, and seized and carried away the tobacco, in the presence of the plaintiff, who forbade their doing so, and was intimidated and overawed by their demonstrations of violence.

The defendants resisted the recovery on the ground that the possession of the entire crop, under the act of 1877, chapter 283, was by law in the said Veazey, and he had a right to enter upon the premises and remove the same, and asked the court so to instruct the jury. The court declined to do so, and told the jury that upon this evidence, if believed by them, the plaintiff was entitled to recover, and they would proceed and assess the damages sustained by him.

There was a verdict and judgment for the plaintiff, and the defendants appealed.

*Mr. Geo. V. Strong*, for plaintiff.
*Messrs. Edwards & Batchelor*, for defendants.

SMITH, C. J. The points insisted on in the argument, for the appellants here, are:

1. The want of jurisdiction in the superior court to entertain the action; and

2. The alleged error in refusing to give the instructions asked.

We are clearly of opinion with his Honor, that upon the undisputed facts disclosed in the testimony, the plaintiff was entitled to a verdict. The parties were under their agreement constituted partners in the making the crop, the one contributing the land and the horse and his feed; the other his labor and attention and whatever else might be required in making and gathering the crop; and then an

equal division of the gross products to be made between them. *Lewis* v. *Wilkins*, Phil. Eq., 303. When the separate shares of each were allotted to him, their joint ownership ceased, and their respective portions became the sole individual property of each. If the arrangement did not amount to a copartnership, but created other and different relations, such as would be affected by the statute referred to, the same consequences would follow the division and assignment to each of his share in the whole. The statute ceases to operate when the lessor has received his rent, whether in kind or in money, and there are no breaches of contract for which the crop is made liable; and its sole object is to secure the performance of all the stipulations of the contract on the part of the lessee.

The action is in tort for the unlawful taking and carrying away plaintiff's goods, and is properly brought in the superior court.

The objection made in this court that an issue ought to have been submitted as to an indebtedness of the plaintiff, cannot be entertained for the following reasons:

1. There were no formal issues submitted, the case presenting the single question of the legality of the defence under the statute.

2. It was the appellants' duty to ask for such issue, if they desired it, and they cannot complain of the consequences of their own neglect. *Kidder* v. *McIlhenny*, 81 N. C., 123.

3. The debt is not alleged to be such as the statute gives a lien for its security upon the crop.

There is no error, and the judgment must be affirmed.

No error.                                                        Affirmed.