CHARLES BRYANT *v.* JULIA FISHER, Admx.

*Appeal—Practice—Issues—Award.*

1. Where the facts of a case are to be passed on by the judge, an omission to find upon an issue claimed to be raised by the pleadings is not assignable for error, unless the judge was requested on the trial to pass upon such issue or his failure to do so then called to his attention.

2. A reference to arbitration of " all matters between the parties " justifies an award which declares that the defendant's intestate is indebted to the plaintiff in a certain sum, and directs the cancellation of two

mortgages from the plaintiff, put in evidence by the defendant, the debt secured by which was adjusted by the arbitrators.

3. Where such award is imputed to the bias of the arbitrators the bias must be found by the judge when the facts are referred to his decision, or he must refuse to pass on the same, on timely application, before the question will be considered on appeal.

(*Chastain* v. *Coward*, 79 N. C., 543; *Williamson* v. *Canal Co.*, 78 N. C., 156; *Bank* v. *Graham*, 82 N. C., 489; *Wellons* v. *Jordan*, 83 N. C., 371; *Kidder* v. *McIlhenny*, 81 N. C., 123; *Curtis* v. *Cash*, 84 N. C., 41; *Smith* v. *Hahn*, 80 N. C., 240, cited and approved.)

CIVIL ACTION tried at Fall Term, 1881, of WAKE Superior Court, before *Gilmer, J.*

This action is to enforce an award rendered upon an agreement of reference in the following words: In the matter between Charles Bryant and Mrs. Julia Fisher, administratrix of Jefferson Fisher, deceased. It is agreed that all matters between the said parties are referred to Samuel F. Mordecai and W. Whitaker, as arbitrators, who are to call in a third man, and the decision of any two of them to be final. (Signed by A. M. Lewis attorney for Bryant, and T. C. Fuller attorney for Mrs. Fisher). The appointees failing to agree, selected and called in C. D. Upchurch to act with them, and he and one arbitrator concurred in making an award, finding the defendant's intestate indebted to the plaintiff, upon an adjustment of their respective demands, in the sum of $222.07, to be paid with the costs. They further direct the cancellation of two mortgages executed by the plaintiff to the intestate, one on September 1, 1876, the other on April 1, 1877, the claims secured in which are allowed and adjusted in the award.

Two defences to the action are set up in the answer:

1. That the arbitrators exceeded the terms of the submission in passing upon and disposing of the mortgage debts; and

2. The award is not supported by the testimony and was made under a bias in favor of the plaintiff.

A trial by jury was waived, and the court by consent pass-ing upon the facts finds that the arbitrators met and heard the proofs offered by both parties, and the two mortgages were produced by the defendant as charges against the plain-tiff to the amount of the debts specified in each; that the arbitrators, Whitaker and Upchurch, agreed upon and uni-ted in making the award, the other arbitrator not assenting thereto; and thereupon the court rendered judgmemt in favor of the plaintiff and according to the award, and the defendant appealed.

*Messrs. A. M. Lewis & Son and J. H. Flemming,* for plaintiff.
*Messrs. Merrimon & Fuller,* for defendant.

SMITH, C. J., after stating the case. No case of appeal is transmitted, and the record discloses no assignment of error and no exception to the ruling of the court during the pro-gress of the trial, or to the findings of fact, or to the judg-ment rendered. It has been too often decided to admit of discussion that points not made in the court below, except the want of jurisdiction or that the statements contained in the complaint do not show a cause of action, will not be heard in this court, and that where error is not apparent on the record, the judgment will be affirmed. The more recent cases in our reports are *Chastain* v. *Coward,* 79 N. C., 543; *Williamson Canal* v. *Company,* 78 N. C., 156; *Bank* v. *Graham,* 82 N. C., 489; *Wellons* v. *Jordan,* 83 N. C., 371.

1. It is pressed in argument for the appellant that the find-ings of fact are defective, in that, they do not dispose of the issue raised by the allegation that the arbitrators " were moved by bias " towards the plaintiff " in making up their decision." The objection would apply with equal force to the omission to frame an issue for the jury, for it is equally the duty of a party to call the attention of the judge to it where the facts are to be passed on by him, as where upon

proper issues they are to be passed on by the jury. And this court has said in answer to an objection that an issue ought to have been and was not submitted to a jury upon matters controverted in the pleadings, that the appellants ought not " to have been content with the proposed issues if they desired others. They should *then* have asked for other issues, and if necessary they should have been allowed, or if not allowed, the refusal would constitute matter of exception. It might produce serious inconveniences and delays, if where a party has opportunity to propose other and further issues, he refuses or fails to do so, he could then be heard to complain of the consequences of his neglect, and thereby increase the costs, as well as delay the determination of the cause." *Kidder* v. *McIlhenny*, 81 N. C., 123; *Curtis* v. *Cash*, 84 N. C., 41. When there is an omission to present matters of defence and the defendant acquiesces by his silence, it is a reasonable inference that they are not relied on by him in the court below, and consequently they are unavailable on his appeal.

2. It is insisted also that the award exceeds the limit of the reference and hence it is void: This objection, if the facts were as asserted, and the award was so essentially one that the excess could not be separated from so much of it as is within the terms of submission, would be open to the appellant, since both the agreement and the award under it are parts of the complaint, and there would be no cause of action upon the face of it. But the objection is wholly untenable. " *All matters between the said parties*" are committed to the arbitrators, without qualification, and the judge finds as a fact that the defendant introduced the mortgages and claimed what was due under them as a charge against the plaintiff. So the referees and the defendant put the same, and what we consider the proper construction upon the submission and the subject matter referred.

3. The bias imputed to the arbitrators, if sufficient to

vitiate the action of the arbitrators in a direct proceeding to impeach it, is not established as a fact, and for the reasons already stated, is not before us.

The cases cited for the defendant do not militate against this opinion. That of *Smith* v. *Hahn*, 80 N. C., 240, the most pertinent, simply declares that on application to set aside a judgment under section 133 of the Code, the facts must be found, so that this court may review the ruling of the judge upon the point of law whether the judgment was taken "through his mistake, inadvertence, surprise or excusable neglect," and if the finding is so imperfect as not to admit of the decision of the question of law, the cause will be remitted for a fuller finding. We do not disturb this decision in holding that the facts established do warrant the judgment rendered upon the award.

There is no error and the judgment is affirmed.

No error. Affirmed.