MARION BROOKS v. MARTHA L. HEADEN and others.

*Executors and Administrators.*

No debt being shown to exist against the defendant's intestate at the comencement of the action; *Held*, that the plaintiff could not maintain it. Suggestion as to the proper course of procedure to satisfy plaintiff's demand.

(*Bryant* v. *Fisher*, and cases cited, 85 N. C., 69; *Alexander* v. *Robinson, Ib.,* 275; *Bank* v. *Harris*, 84 N. C., 206; *Williams* v. *Green*, 80 N. C., 76, cited and approved).

CIVIL ACTION tried at Fall Term, 1882, of CHATHAM Superior Court, before *Shipp, J.*

The plaintiff on May 12th, 1856, conveyed certain personal estate then owned by him to Aaron D. Headen, in trust to secure the several debts therein specified, and with authority to sell and apply the proceeds to their payment if not discharged by himself before the 1st day of the same month in the year following.

57

The trustee died in 1858 or 1859, having executed and published his will thereafter admitted to probate, and appointed Andrew Headen and Thomas A. Brooks executors, both of whom qualified as such.

On November 16th, 1871, the plaintiff brought suit against the said executors for an account and settlement of the trust estate in the hands of their testator, in the superior court of Chatham, wherein, upon a reference and report, it was ascertained that there was due and unappropriated the sum of $399.81 on May 20th, 1876, for which, with interest from that date, the plaintiff recovered judgment at fall term, 1878, against the executors, and they were charged with assets of the testator sufficient to pay the same.

There were exceptions taken to the referee's account, from the rulings on which and the judgment consequent thereon, the defendants took an appeal. On the hearing in this court (80 N. C., 11) it was declared that the secured creditors unpaid should have been made parties, and the cause, without adjudication upon the merits, was remanded, to the end that these creditors should be brought in and opportunity given them to abide by the proceedings or re-open the account, and, if necessary, have another reference with leave to the appellants in the former case again to appeal, and present the rulings upon their exceptions for review.

Upon the return of the cause to the superior court, some of the creditors came in and admitting their debts to have been satisfied, declined to become parties, and others were made parties according to the course of the court, by publication, and failing to answer, judgment by default was entered against them.

On September 6th, 1879, Andrew Headen died intestate, and letters of administration on his estate issued on April 15th, 1881, to the defendant, Martha A. Headen.

At spring term, 1881, it was declared and ordered by the court "that the judgments heretofore rendered in this action at fall term, 1877, and at fall term, 1878, be and the same are hereby affirmed and directed to be entered, *nunc pro tunc*, as the judgments of this court, and that the plaintiff, Marion Brooks, recover

BROOKS *v.* HEADEN.

of Thomas A. Brooks, surviving executor of A. D. Headen, deceased, the sum of three hundred and ninety-nine $31\frac{1}{2}$-100 dollars, with interest from March 20th, 1876, and the costs of this action to be taxed by the clerk, including an allowance of fifty dollars for taking the account."

The present action, begun on February 15th, 1882, against the defendants (the widow, administrator and heirs-at-law of the intestate Andrew Headen), is prosecuted to charge him personally and his estate with the sum of $377 3-10 and interest, the unpaid portion, as we understand, of the judgments rendered, and to pursue and subject thereto certain real estate alleged to have been fraudulently disposed of by the intestate, with intent to place it beyond the reach of his creditors, but which is justly liable to their claims.

Several issues were framed from the controverted allegations in the pleadings, of which the first is in these words:

1. Did the plaintiff, at the commencement of this action, have a debt against the intestate of defendant, Martha A. Headen?

The other issues were as to the amount, its payment, the bar of the statute of limitations, and the four last, as to the fraudulent conveyances charged in the complaint. These being dependent upon the first, and the finding on that being adverse to the plaintiff, it is unnecessary to set them out in detail.

Upon the introduction of the record of the former action, as the only evidence of the alleged indebtedness, the court instructed the jury to find the first issue in the negative, and not to consider the evidence upon the others; and upon the rendition of the verdict and judgment for the defendants, the plaintiff appeals.

*Mr. John Manning*, for plaintiff.
*Mr. J. H. Headen*, for defendants.

SMITH, C. J.; after stating the case. There can be no question of the correctness of the ruling, that the record did not show any debt judicially ascertained and declared against the intes-

tate personally. The judgment fixes the liability of the trustee, Aaron D. Headen, and the possession by his executors of assets sufficient to discharge it, and if it cannot be satisfied from them, it may become personally their own debt by a proper proceeding for the *devastavit.* Until this is done, the judgment is against the defendants in their representative capacity, and to be satisfied out of the effects of the testator.

Original letters testamentary having issued prior to July 1st, 1869, the character of the judgment is determined by the law as it existed before the act of April 6th, 1869, went into operation. This is settled by the case of *Williams* v. *Green,* 80 N. C., 76.

If it were governed by the present law, the question of assets would be left open and the judgment would only ascertain the debt, "unless the personal representatives by pleading expressly admit assets." Bat. Rev., ch. 45, § 95.

If the judgment against the executors had been made a personal judgment against the intestate executor, Andrew Headen, during his life-time, the present suit could be maintained, upon the insolvency of his personal estate, and the fraudulently alienated real estate, pursued, if the administratrix refused to apply for license to sell, and subjected to the payment of the intestate's debts. But the plaintiff does not appear in the attitude of a creditor of the intestate, not having taken the steps to make his judgment such, and he cannot proceed unless he does.

We do not mean to intimate that the plaintiff may not in the same action obtain a personal judgment and then pursue his remedy against the intestate's estate, personal and real, in their proper order, for its satisfaction ; and if such was the object of the present action, it is not presented in any of the framed issues, and it is the fault of the plaintiff that none others were before the jury, and he cannot complain. *Kidder* v. *McIlhenny,* 81 N. C., 123; *Curtis* v. *Cash,* 84 N. C., 41; *Bryant* v. *Fisher,* 85 N. C., 69; *Alexander* v. *Robinson, Ibid,* 275; *Bank* v. *Harris,* 84 N. C., 206.

We are called upon to review the errors assigned, and so appearing in the transcript; and, confined to the exercise of this appellate jurisdiction, we find no error in the ruling that no debt is shown to exist against the intestate at the commencement of the action, and unless there was such debt the other matters of inquiry are wholly immaterial, and the jury were properly discharged from passing upon issues that only involved them. There is no error and the judgment must be affirmed.

No error.                                                    Affirmed.