T. C. OAKLEY v. C. M. VAN NOPPEN.

*Issues—Judgment—Lien.*

1. It is the duty of a party to an action to tender such issues as he conceives are necessary to try the case upon the merits; and an exception made after the trial, that issues, which might properly have been submitted, were not, comes too late.

2. The Court ought not to render judgment upon an aspect of the case not presented by the pleadings or verdict upon the issues submitted to the jury.

3. In an action to recover for work and labor upon the construction of a house, the Court may, in a judgment for the amount due, decree a lien on the premises, therefor.

(*Curtis* v. *Cook*, 84 N. C., 41, and *Simmons* v. *Simmons*, 92 N. C., 12, cited and approved).

CIVIL ACTION, tried at March Term, 1886, of DURHAM Superior Court, before *Clark, Judge.*

The plaintiff alleged, that he agreed with the defendant to build for the defendant a house for the sum of $1,100.00, and in pursuance thereof, proceeded to erect the house; and the defendant took possession thereof.

The plaintiff further alleged, that no part of the said price had been paid, except the sum of $397.82, and in consequence of the defendant's failure to pay the balance due, the plaintiff filed a lien upon said house and lot. He demanded judgment for the balance due, and also that said judgment be declared a lien upon said house and lot, and the same be sold therefor, also for costs and such other relief as the case may require.

The defendant denied that the plaintiff had done any extra work on the house, or that he had executed the work and completed it according to the contract. He also denied the right of the plaintiff to file or have a lien upon defendant's property, as the alleged lien is filed for material furnished in the building of said house, and for money expended by plaintiff in payment for labor performed thereon, which he averred was not according to law.

For a further defence he pleaded a counter-claim, consisting of various charges, amounting in the whole, to five hundred and seventeen dollars and fifty cents.

The plaintiff in reply, denied the counter-claim as alleged.

The following issues were then submitted to the jury, with the assent of both parties:

1. Is defendant indebted to plaintiff? If so, how much? Answer, $805.93, with interest from the 26th of August, 1884.

2. Is plaintiff indebted to defendant? If so, how much? Answer, "nothing."

In the statement of the case, it is stated that "the defendant in his answer, alleged that the lien was invalid as against his homestead, and prayed that the Court might so determine." He objected to the judgment, unless it contained a clause declaring the lien invalid as against his homestead.

It appeared in evidence and in the pleadings, that the lien was for the balance due on the contract for building the house, and that the contract price included the price of work and labor done, as well as the cost of material; and the plaintiff contended that the credits given by him to defendant, covered all charges for

material, and that it had been so agreed between them; and that the lien, as it stood, covered only the charges for work and labor done. Thereupon the Court offered to submit additional issues, as to how much of the contract price was for material, whether the cost of material used in the building had been proved by the contract and allowed the defendant, and whether there was any agreement between the parties that such credits should be so applied. To this, the defendant objected.

The Court thereupon signed judgment for the debt, according to the verdict, and the defendant excepted, because the judgment did not declare the lien invalid as against his homestead, and appealed.

Messrs. *Jno. W. Graham* and *Jno. Manning*, for the plaintiff.
Mr. *W. W. Fuller*, for the defendant.

ASHE, J., (after stating the facts). The only exception presented for our consideration by the record, is to the judgment, because it did not declare the lien was invalid as against the defendant's homestead. The exception cannot be sustained, for several reasons. First, because there was no such allegation in the answer of the defendant as that stated in the "case on appeal," to-wit: "that the defendant in his answer, alleged that the lien was invalid as against his homestead."

The only reference in the answer of the defendant to the lien, is contained in the second paragraph of the answer, which, upon a fair and reasonable construction, has reference only to the validity of the lien, and has no reference whatever to his homestead. Even if it did, there was no issue submitted to the jury upon that point, and that there was not, is no ground of complaint by the defendant. It was his duty to eliminate and tender such issues as he considered essential to present the merits of the action, and when he failed to do so, he cannot complain in this Court that such issues were not found by the Court below, and submitted to the jury. *Simmons* v. *Simmons*, 92 N. C., 12; *Curtis* v. *Cook*, 84 N. C., 41.

And secondly, for the reason that the Court did offer to submit issues to the jury, touching the character of the lien with reference to its bearing upon his right of homestead, and he objected.    The Judge would have had to travel out of the record, and transcend his duty, if upon the pleadings in this case he had rendered such a judgment as that insisted upon by the defendant, and in fact, we do not see how the question of a homestead is raised by the pleadings in the case.    If the action was brought to enforce the lien, the plaintiff has more cause to complain of the judgment than the defendant; for the Court rendered the judgment simply for the debt alleged to be due the plaintiff, without declaring that the land described in the lien should be sold for the payment of the debt.    But the plaintiff did not appeal, and we must therefore assume that he was satisfied with the judgment, as rendered.

Our conclusion is, there was no error, and the judgment of the Superior Court is affirmed.

No error.                                        Affirmed.