CHARLES McDONALD v. JAMES H. CARSON, et als.

*Rehearing—Issues—Production of Papers—Evidence— Declarations.*

1. Where a party to an action prepares issues which are submitted, and then objects to another issue submitted by the Court, he cannot be heard to assign as error that the Court did not submit an issue on a particular question, upon which he did not ask an issue.

2. It is too late, after the trial, to complain that certain issues were not submitted to the jury, if they were not asked for in apt time.

3. Where, in the opinion of the Court, additional findings are necessary in order to do justice between the parties, the case may be sent back for the trial of additional issues.

4. Where, under the Judge's charge, the appellant gets the substantial benefit of an issue raised by the pleadings, he cannot object, on appeal, that the issue was not submitted more formally, when he does not ask for such issue on the trial.

5. Under the present statute (*The Code*, §1373), no affidavit is necessary in order to get an order for the production of papers in the possession of the adverse party, but the Court now has power, on motion and due notice, to require the production of papers or books which contain evidence pertinent to the issue.

6. Due notice, is notice sufficient to enable the party to have the document present when called for.

7. In petitions to rehear, the petitioner will not be allowed to assign other grounds for an alleged error than those presented at the first hearing.

8. Any and all declarations pertinent to the subject matter, and bearing upon the issue, coming from parties to the action, or any of them, are competent against the party making them, and are also competent against all, when their interest are joint.

(*Kidder* v. *McIlhenny*, 81 N. C., 123; *Curtis* v. *Cash*, 84 N. C., 41; *Bryant* v. *Fisher*, 85 N. C., 69; *Alexander* v. *Robinson*, 85 N. C., 275; *Moore* v. *Hill*, 85 N. C., 218; *Simmons* v. *Mann*, 92 N. C., 12; *Burton* v. *The Railroad*, 84 N. C., 192; *Allen* v. *Baker*, 86 N. C., 91; *Lawton* v. *Giles*, 90 N. C., 374; *Fry* v. *Currie*, 91 N. C., 436; *Graham* v. *Hamilton*, 3 *Ired.*, 381, cited and approved).

PETITION by the defendants to rehear, filed at October Term, 1886, of the Supreme Court.

The case is reported in the 94th volume, at page 498.

*Messrs. Charles M. Busbee* and *W. W. Flemming*, for the plaintiff.

*Messrs. Paul B. Means, John Devereux, Jr.,* and *Jos. B. Batchelor* (*Mr. Chas. Price* was with them on the brief), for the defendants.

SMITH, C. J.  This case was, after an elaborate and exhaust-ive argument, oral and by brief, at the last Term, carefully considered, and all the numerous errors assigned, examined and determined adversely to the appellants.  The petition to rehear, points out three alleged errors, the subjects of which have been fully reargued at the present term, and we are now called on to revise those rulings, and pass upon their correct-ness.

I.  The first assigned error is specified in these words: "The Court says: The defendant's first exception is to the action of the Court in preparing the issue numbered two. In this there is error.  The real exception made by defendants, and argued in the printed brief, is that the Court failed to sub-mit an issue, or to incorporate in issue two, ' whether the plain-tiff did induce and carry Larrabee and Smart to the defend-ants'."

Let us see how far this contention is borne out in the record, and whether the exception has been misconceived by the Court.  In the case on appeal, at page one, is this entry: 'Exception 1. The plaintiff proposed certain issues, and the defendant others.  His Honor at first adopted the issues sub-mitted by the defendants, but during the argument he also submitted the issues which appears in the record proper as No. 2, to which ruling the defendant excepted.'  Again, at page 11 of the record, the first in the enumerated exceptions, is thus stated : '1. To his Honor submitting issue No. 2 to the jury, after argument began.'  The exception is thus dis-posed of in the opinion at page 500 of the case reported in 94 N. C. Reports.

"1. The defendant's first exception is to the action of the Court in preparing issue numbered 2.

"There is not only no error in this, but it was the duty of the Court to see that all material controverted matters con-tained in the pleadings were eliminated and put in the form of issues, as commanded by the statute."

Do these recitals show a misapprehension of the exception prescribed in both the record and case prepared on appeal by the defendant's own counsel? The appellants now insist, basing their contention upon the very grounds on which the exception is overruled, that there is error in not submitting the second issue in a more definite form as to the plaintiff's agency in bringing about the sale. This is now urged, in presence of the fact, that the issue which the defendants themselves prepared and presented were accepted, while those offered by the plaintiff, which for aught that appears, may have caused the alleged omissions, were rejected, and appellant's complaint was, that any intermediate issue was submitted *at all*, not that it was insufficient in elucidating the controversy. If the inquiry of the plaintiff's agency in bringing about the sale under the terms and conditions of the contract set up in the complaint, was deemed material, why was not an issue involving it presented by the defendants when they presented the other two issues? Or, why were they silent when that drawn up by the Judge was made known, and no suggestion made to render it more specific in form, contenting themselves with an objection to any addition to their own issues? It would be a reproach upon the administration of the law, if under such circumstances, the Court were to entertain such an objection, and that upon a rehearing, which is allowed, to correct erroneous rulings upon the law as it may be declared in the opinion.

But let us examine the force of the objection as if it had been made and overruled upon the original hearing. In *Kidder* v. *McIlhenny*, 81 N. C., 123, it was insisted by the defendant, that the issues passed on did not dispose of the matters in controversy in the pleadings, and that there should have been, and should now be, a further issue passed on involving the validity of the mortgage as against the *feme* defendant, and the objection is thus disposed of in the opinion of the Court: "Nor ought the defendants to have been content with the proposed issue, if they desired others. They

should have asked for other issues, and if necessary they would have been allowed, or if not allowed, the refusal would have constituted matter of exception. It might produce serious inconveniences and delays, if, when a party has opportunity to propose other and further issues, and he refuses or fails to do so, he could then be heard to complain of the consequences of his own neglect, and thereby increase the costs, as well as delay the determination of the cause."

This rule of practice has been re-affirmed in *Curtis* v. *Cash*, 84 N. C., 41; *Bryant* v. *Fisher*, 85 N. C., 69; *Alexander* v. *Robinson*, Ibid. 275; *Moore* v. *Hill*, Ibid. 218; and still more recently in *Simmons* v. *Mann*, 92 N. C., 12, where MERRIMON, J., uses this language in answer to such an exception: "It is too late, after the trial, to complain that possible issues were not submitted to the jury, if they were not insisted upon before the trial." In opposition to this concurrent and consistent ruling, we have been referred to two cases which are relied on in support of the argument for defendants, *Burton* v. *The Railroad*, 84 N. C., 192, and *Allen* v. *Baker*, 86 N. C., 91. The first of these cases enunciates the general proposition, that in expounding the law, it should be stated correctly, and if a false enunciation of a legal proposition is made, it is open to correction in the appellate court, without a special assignment of the error. This is but in accord, as we have interpreted the statute, with the legislative declaration contained in §412 of *The Code; Lawton* v. *Giles*, 90 N. C., 374; *Fry* v. *Currie*, 91 N. C., 436. In *Allen* v. *Baker*, the issues were deemed by the Court not to cover the whole merits of the controversy, so that, without other findings on the part of the jury, it was "impossible to do justice to the rights of both parties," and so, without depriving the plaintiff of the benefit of the verdict rendered, the cause was sent back for the trial of additional issues. This was done by the Court for its own guidance, and not upon any exceptions of the parties. Such action is taken on an insufficient special verdict, upon which it cannot be seen what judgment ought

to be rendered, except that in the last case, a new trial is ordered, because the verdict is a single finding, and the parts constitute an indivisible whole, while in the other, the new issues could be passed on without disturbing the others. The repeated enunciation of the practice since, as well as before, show clearly that it has not been understood as impaired or modified by the exceptional case we have been considering. But is the second issue really such, and so understood by the Court and contestants, as construed by the appellants? The first issue is an inquiry into the making of the contract described in the complaint, with the conditions on which the alleged commission could be claimed. The next inquiry is, whether a sale was effected by defendants to the alleged purchasers, meaning, of course, such sale as is described in the preceding issue, induced and brought about in the manner and by the agency therein stated. Such is a fair and reasonable interpretation of the language used in the two issues in their relations to each other, and to the subject matter in contest. So it was considered and treated by the Court in the charge to the jury. In reference to the first issue, the jury were directed to inquire, "not whether any contract was entered into between the parties, but what was their contract; that is, was a contract substantially the same as this entered into between them? If it were that the plaintiff was to bring them a party who would pay cash, it is not this contract.   *   *   *   * It is for you to say, upon the testimony, was such a contract made, yes or no." Proceeding then to the second issue, and the response to be rendered to it, he continues: "The plaintiff says that this contract was made, and he afterwards introduced Larrabee and Smart to the defendants, and that negotiations ensued between the defendants and Larrabee and Smart, one or both of them, and in consequence of such negotiations, a sale was made for $35,000.00. Now, is that so, or if a sale *under these circumstances was made*, what was the amount for which the property sold? There is much

and conflicting testimony as to what sale was made, if any. It is for you to answer the question. If a sale was made to Larrabee and Smart, or to either ofthem, or if either of them aided defendants in making a sale of the property, and such sale was made with the assistance of one or both of them, you must answer "yes."

The instruction to find affirmatively, manifestly proceeds upon the assumption of a sale of the mine, brought about by the plaintiff's introducing the purchasers, and the consequent negotiations resulting in a sale, as if the issue was so formed as to include the plaintiff's participation. The defendants have therefore had the benefit of the issue, as if put in the form contemplated .in the pleadings, and can have no just cause of complaint in the premises.

II. The second error pointed out in the petition, is in the disposition of exceptions 6 and 7, which are to the order for the production of the contract between the defendants and J. H. Whitney and others. The Court, it is asserted in the petition, misunderstood the objection, which was not to the power of the Court to compel the production of the · paper, but to the irregular exercise of it, which is not sustained by precedent or practice. ·Recurring to the defendants' series of exceptions, that numbered 6 is "to the order of his Honor requiring production by defendant of agreement between defendant and J. H. Whitney, dated August 25, 1879." That numbered 7 is "to the admission of said agreement in evi- dence." Record, page 12.

Notice to produce the document, as seen at page 4, was issued and served on the defendant on March 7th, 1885.

A second notice to produce it was given during the trial, or to show cause why it was not produced at once, which was served in January, 1886. Record, page 8½.

No other answer was made than an unexplained refusal to produce the writing. It was in their possession. The order was thereupon made by the Court, to which exception is

taken, assigning no reason therefor, nor the grounds in its support. It was then produced, and the execution proved by ·defendant, Carson, put on the witness stand by the plaintiff, and then read to the jury. The power thus exercised has long been possessed by the courts of common law jurisdiction, and found very beneficial and conducive to fair trials. It was at first conferred to be exercised where the parties might be compelled to produce books or writings in their possession ·or control, "by the ordinary rules of proceeding in equity." Rev. Code, ch. 31, §82.

While the statute was in this form, and the law and equity ·courts were separate and distinct, some proceeding similar to that pursued in the latter courts, was deemed necessary. It was held, therefore, in several cases, that analogous action must be taken to secure the presence of the writings desired, such as a ʼprevious order for their production, *Graham* v. *Hamilton*, 3 Ired., 381; and that some basis should be laid for the issuing of the order, by affidavit or otherwise, before the Court would be called on to act. But the present enactment has no such restrictions as have been mentioned, but is .simple and unqualified, giving to the Court "full power, on motion and due notice, to require the parties to produce books or writing in their possession or control, which contain ·evidence pertinent to the issue," &c., *The Code*, §1373. ·

Due notice is sufficient notice to enable the party to have the document present, and its prompt production shows that it was in the defendant's possession, so that the order could be, as it was, promptly obeyed, and no delay was necessary. No reason was suggested in opposition to the order, and when, on the appeal, we understood the objection to be to the power of the Court so to rule, and so passed on it, we are now asked to put the exception upon ground wholly different. To say the least, such a practice, if tolerated, will not conduce to a fair and just judicial administration of the law, and must find little favor with the Court, especially

upon a second hearing, in wresting the fruits of a successful prosecution of his claim from the plaintiff.

III. The last imputed oversight is in regard to a conversation had between the plaintiff and the defendant Wadsworth, of which it is enough to say, that any and all declarations, pertinent to the subject matter and bearing upon the issues, coming from the defendants, or any of them, are competent, at least against the persons making them, and may be against all, when their interest are joint and they are engaged in a common enterprize. This objection has not been pressed in the argument, and we dismiss it without further comment. The points made in this appeal were well considered upon the former, and our opinion upon them, upon this re-examination, remains unchanged. The judgment must be affirmed, at the costs of the defendant.

No error. Affirmed.