The plaintiff was a brakeman on the defendant's road and alleges that the injury complained of was sustained while he was engaged in the discharge of his duties as such by reason of the negligence of the defendant, in that it failed to provide a safe and secure platform for the brakeman to stand on while engaged in putting on the brakes. The defense of contributory negligence is set up in the answer, as required by chapter 33 of the Acts of 1887, but, though discussed in this Court, there is no question involving that issue presented in the record, and only so much of the case is stated as is necessary to present the questions that are raised by the appeal. (311)
The plaintiff was a witness in his own behalf, and testified as to the manner in which he fell from the platform, and on cross-examination, among other things, that "the signal was blown just below the crossing when he was at the brakes; he then put on brakes and stepped on the platform of the next car and had hold of the wheel when he fell. There are iron braces under the platform, and if the iron was under the step out to the edge it would not split; some of them do not come out by one inch and a half or quarter; he got his foot on the platform . . . the platform was 2 feet long and 6, 7, or 8 inches wide; he does not know whether the iron braces were under the step or platform or not, but only knows that when he steppod [stepped] on it it gave way."
Elias Baldwin, a witness for plaintiff, testified, among other things, "that he did not see the plaintiff when he fell, but saw him a minute before he broke . . . he saw the strip that was shivered off the platform, and it looked like an old split; the piece shivered off was about one and one-half inches wide; . . . the braces did not come to the edge of the platform."
Samuel Etheridge, a witness for the defendant, testified "that in 1883 he was foreman of the car repair department in defendant's shops at Laurinburg, and remembers the time the plaintiff was hurt; the steps on brake platform are constructed now as they have always been — 22 inches long on two iron braces; the plank is from 1 1/8 to 1 1/2 inch thick, and projects one-half inch for a rounded edge or finish; there has been *Page 254 
no change in the construction since 1878." The witness is a car builder, and has been a car inspector for the defendant for many years. The witness stated that he heard plaintiff's testimony.
(312) The defendant then asked the witness the following question: "If the jury should find that the car step or platform was built or constructed as the plaintiff described it, and the plaintiff stepped on it as he testified, could plaintiff have fallen as he testified, or could the platform have split?" The witness answered that the platform could not have split and the plaintiff could not have fallen as he described.
The witness was then asked: "If the platform was constructed as the witness had described it, could the plaintiff have fallen in the manner described by him?" The witness answered that he could not, even if the step had been split, for the braces would support it.
The plaintiff objected to these two questions, and his Honor at first overruled the objection and admitted the testimony. Afterwards his Honor excluded the testimony. The defendant's counsel said nothing.
Before the defendant had closed its testimony the defendant's counsel requested his Honor to be allowed to recall the witness Elias Baldwin, for the purpose of impeaching his credibility as a witness. The request was granted.
When recalled the witness was asked by defendant's counsel was he not brought from the jail to the courthouse? The witness answered "Yes." The plaintiff's counsel then asked the witness for what offense had he been committed to jail and he replied for assault and battery; that he had been fined $5 and adjudged to pay the costs, and that he could not get any one to pay it for him or go his security.
The plaintiff objected to the testimony.
His Honor then remarked, in the presence and hearing of the jury, that if he had known that the defendant's counsel intended to ask that question he would not have allowed the witness to be recalled.
The following issues were tendered and accepted:
(313) 1. "Did the plaintiff sustain injuries by the negligence of the defendant, as alleged?" Answer: "Yes."
2. "If so, to what damage is he entitled by reason of the same?" Answer: "Two thousand dollars ($2,000)."
At the conclusion of the argument the court inquired of the defendant's counsel if they desired the second issue submitted, and they responded that they thought the whole question involved in the first issue and they did not think the second issue necessary.
The defendant's counsel requested the court to charge the jury:
That even if the step or platform was split or cracked, as testified by the plaintiff, yet if before he stepped upon it he saw its condition, and that it was not safe to step upon it, he was guilty of negligence. *Page 255 
The court declined to give the instruction, but instructed the jury:
"That even if the step or platform was split, yet if a prudent man knowing its condition would not have stepped upon it, the plaintiff was guilty of negligence provided he knew, or could by the exercise of reasonable care and caution have known, the condition of the platform before he stepped upon it."
The defendant excepted to the refusal of the court to charge as requested and to the charge as given.
The court instructed the jury as to the duty of the defendant to furnish safe machinery for the use of the employees, to which no exception was taken. The court then charged the jury:
"That if they believed the plaintiff and Elias Baldwin were playing or boxing, and plaintiff fell while so engaged and not in the performance of his duty as brakeman, the jury should answer the first issue in the negative; that the burden of proof was on the plaintiff to show that he was injured by the negligence of the defendant."
The court charged the jury as to the measure of damages, to (314) which no exception was taken.
The jury found the first issue in the affirmative, and assessed plaintiff's damages at two thousand dollars.
The defendant made motion for a new trial:
1. Because the court excluded the testimony of Samuel Etheridge, as stated above.
2. Because of the remark made by the judge when the witness Baldwin was recalled, as above stated.
3. Because of the refusal to give the instructions prayed for by the defendant, and because of the instruction given.
Rule discharged. Judgment for the plaintiff and appeal by the defendant.
It was insisted in this Court that, inasmuch as chapter 33, Acts of 1887, requires the defendant, if contributory negligence is relied on, to set it up in his answer, thereby making it of necessity an issue, it ought to have been submitted to the jury, and that it could not be waived even by consent. We think differently. Doubtless the purpose of the act was to require the defendant to set up the defense of contributory negligence in the answer, when relied on, so as to remove all doubt and enable the plaintiff to know with certainty the defense relied on; but whatever may have been the purpose of requiring it to be set up in the answer in the case before us, *Page 256 
the defendant was content to submit the question upon the first issue (under which it might be considered, Scott v. R. R., 96 N.C. 428).
When the attention of counsel for the defendant was directed to it, not only was no request made that the issue should be submitted, but they said "they thought the whole question involved in the first (315) issue," not only making no objection, but affirmatively acquiescing, and the defendant cannot for the first time except in this Court, even if he had not acquiesced in the court below. Having not only failed to tender the issue in the court below, but virtually declined it when suggested, he cannot now be heard to complain. Kidder v. McIlhenny,81 N.C. 123; Curtis v. Cash, 84 N.C. 41; Oakley v. Van Noppen, 95 N.C. 60;McDonald v. Carson, 95 N.C. 377; Simmons v. Mann, 92 N.C. 12.
His Honor charged the jury that if they believed the evidence in regard to contributory negligence they should find the first issue in the negative.
The first exception presented in the record is to the exclusion of the testimony of Etheridge as an expert in respect to the questions asked.
All the evidence offered by the plaintiff, so far as it bears upon the questions and answers which were excluded by the court, is set out, and we are not only unable to see that it warrants the hypothetical questions put, but there is nothing in the plaintiff's evidence involving any matter of skill, or science, or peculiar knowledge about which any juror of fair intelligence might not form as correct an opinion as the supposed expert. "The testimony of experts is not admissible upon matters of judgment within the knowledge and experience of ordinary jurymen." 1 Greenleaf Ev., sec. 440-a.
The second exception is to the remark made by the judge when the witness Baldwin was recalled and asked a question for the purpose of impeaching his credibility as a witness. We are unable to see how the remark, though made in the hearing of the jury, could be construed into an expression of opinion by the court upon any issue or question to be passed upon by the jury. The recalling of the witness was a matter entirely within the discretion of the court, and when the character of the impeaching question was made to appear, it was simply a declaration not of an opinion as to any fact to be passed upon by the (316) jury, but that he would have exercised his discretion differently if he had known the nature of the question asked. It was not a violation of the act of 1796; The Code, sec. 413.
The third exception is to the refusal to give the instruction asked by the defendant and to the instruction given instead.
The instruction asked was properly refused, because there was no phase of the evidence that warranted it. There was no evidence that the *Page 257 
plaintiff saw the condition of the platform before he stepped upon it or that he saw that it was not safe. The instruction given in lieu of that asked was as favorable to the defendant as the evidence in respect to the instruction asked warranted.
No one of the exceptions presented by the record can be sustained, and there is no error.
Affirmed.
Cited: Burwell v. Sneed, 104 N.C. 120; S. v. Jacobs, 106 N.C. 696;S. v. Howard, 129 N.C. 661; S. v. Baldwin, 178 N.C. 690; Shaw v. HandleCo., 188 N.C. 233.