LUCY A. HESTER and J. C. HESTER v. JNO. W. LAWRENCE, Adm'r.

*Notice to Creditors under* § 1452 *of The Code—Jurisdiction of Clerk of Superior Court—Special Proceeding under* § 1448 *of The Code—Assignment of Error*

1. The notice to creditors required by §§ 1451 and 1452 of *The Code* must be published as prescribed by § 1452, in a newspaper and at the court-house door. The failure to make such publication is an error which the personal representative may assign in the Superior Court in term, upon appeal from a judgment of the Clerk directing a distribution of the assets, although he did not except on this ground before the Clerk.

2. A creditor is not bound by special proceeding against a personal representative, in the nature of a creditor's bill, under *The Code,* § 1448, *et seq.,* unless personally served with notice, or a general notice is published as prescribed by § 1452.

3. It seems that in a special proceeding under § 1448, *et seq.,* of *The Code,* the Clerk has jurisdiction to render judgment, in favor of a creditor, against the personal representative *personally,* as well as in his representative capacity, if a *devastavit* is established.

CIVIL ACTION, tried before *Shipp, J.*, upon appeal, by the defendant, from a judgment of the Clerk of the Superior Court of JOHNSTON County, Spring Term, 1888.

Turner Lawrence died in the county of Johnston in 1882; the defendant is his administrator, and this action was commenced by the plaintiff, on behalf of herself and all other creditors of the deceased, in the Superior Court of Johnston County, before the Clerk, for an account and settlement.

The plaintiff alleges that there is a balance of $1,273, with interest from November 23, 1884, due to her on a judgment obtained against the defendant administrator, and that there may be claims of other creditors to her unknown; that the defendant has collected assets to an amount more than sufficient to pay the indebtedness of the estate, which, without any legal excuse therefor, he has failed and refused to apply to the payment of the sum due to her, and she asks judgment that the defendant be directed to pay, and for an account, &c.

The defendant, answering, admits the indebtedness claimed by the plaintiff, and says that there are other and many claims against the estate; that there are three actions pending against him as administrator, and that a settlement of the estate cannot be had till these are determined.

He denies that he has assets, and alleges a failure to sell lands under an order of the Court, by reason of the insufficiency of the price offered, and that an extension of the time for settlement was granted by the Court.

In an amended answer he says that he is unprepared to settle, because of suits pending against the estate; that he has no assets in hand; that he has an order to sell real estate for assets to pay debts, but cannot sell before the 1st of January, 1887, and asks an extension of time, &c. An order was made allowing defendant till January 3, 1887, to file his account.

Thereafter the following proceedings were had :

" On motion of the plaintiffs' counsel, and due notice to defendant, I proceeded to state the account of defendant's administration of the estate of Turner Lawrence, deceased, on this April 12, 1887, the plaintiff appearing by her counsel, Hon. D. G. Fowle, and the defendant in person and by counsel, J. H. Abell, Esq. After having stated the debit side of the account, and defendant consenting that he had received five thousand dollars for the estate, and had paid to the heirs-at-law about three thousand dollars, and the debt of plaintiff being unpaid, a judgment was entered against said J. M. Lawrence, as administrator, for the sum of twelve hundred and ten and $\frac{78}{100}$ dollars, with interest thereon from 13th November, 1884, and for costs, to be satisfied out of the assets of the estate of Turner Lawrence, deceased, now in his hands, and if such assets are not to be found, then out of the goods and chattels and real estate of the said J. W. Lawrence. I therefore report that the defendant has had in his hands, as administrator, a sufficient amount to pay the said debt due to the plaintiff, and all the other debts due by the estate, so far as known (no other creditors having made themselves parties to this action).

"All of which is respectfully reported.

"L. R. WADDELL,<br>
"*Clerk Superior Court.*"

Upon this report the following judgment was rendered:

"This cause coming on for trial before me, and the defendant, administrator of Turner Lawrence, deceased, having admitted before the Court that there were assets received to the amount of five thousand dollars, and that his disbursements, outside of payments made to the indebtedness of the estate, did not amount to more than three thousand

dollars, and it being ruled by the Court that said disbursements to next of kin were not proper vouchers, as against a creditor, and no other creditor making himself a party to this action, it is found as a fact that the defendant, J. M. Lawrence, administrator, has in his hands assets applicable to the discharge of the plaintiff's debt more than sufficient to pay the same in full. And therefore, it is considered by the Court that the plaintiff, Lucy A. Hester, recover of the defendant, J. M. Lawrence, administrator of Turner Lawrence, deceased, the sum of twelve hundred and ten and $\frac{78}{100}$ dollars, with interest thereon from the 13th day of November, 1884, and for the costs of this action, to be satisfied out of the assets of the estate of Turner Lawrence, deceased, now in his hands; and if such assets are not to be found, then out of the goods and chattels and real estate of the said J. M. Lawrence.                    L. R. WADDELL,
                                 "*Clerk Superior Court.*"

From the above judgment the defendant appealed, assigning the following errors:

"1. That said Clerk had not made publication according to law, for the other creditors of Turner Lawrence to come in and make themselves parties to this action, if they chose to do so.

"2. Because the Clerk did not, according to the order of reference to him, take and file an account of the administration of the estate of Turner Lawrence, deceased.

"3. Because the Clerk did not have power or jurisdiction, as the matter stood before him, to render a personal judgment in favor of the plaintiff.

"4. Because the Clerk did not have power or jurisdiction to render a judgment against J. M. Lawrence, individually and personally, for twelve hundred and ten and $\frac{78}{100}$ dollars, with interest thereon from November 13, 1884, in the event that the said judgment, rendered against J. M. Law-

rence, administrator, as aforesaid, could not be satisfied out of the assets of Turner Lawrence in the hands of said administrator.

" 5. Because the report of the referee was not accompanied by any account of said administration, and the creditors of Turner Lawrence other than the plaintiffs had no opportunity afforded them, by publication as aforesaid, to make themselves parties to this action before the order of reference for account was made therein."

The judgment of the Clerk was affirmed by his Honor, and the defendant appealed to this Court.

In regard to the question of notice, the following certificate of the Clerk is filed with the record :

"I, L R. Waddell, Clerk of Superior Court of Johnston County, do hereby certify that a notice was given by me to all the creditors of Turner Lawrence, deceased, to come forward and make themselves parties plaintiff in an action and creditor's bill, filed by Lucy A. Hester against John M. Lawrence, administrator of Turner Lawrence, deceased, and that said notice was posted at the court-house door in Smithfield, Johnston County, and that no creditors, other than the plaintiff, filed their claims; that the original notice was not filed among the papers, and is lost or destroyed, and that no exception was taken before me by defendant's counsel, on the hearing, for want of the notice.

" Witness my hand and official seal, this second day of April, 1888.　　　　　　　　　　L. R. WADDELL,
　　　　　　　"Clerk Superior Court Johnston County."

*Mr. A. Jones*, for the plaintiffs.
*Messrs. Fuller & Snow* and *E. C. Smith*, for the defendant.

DAVIS, J. (after stating the case). This is " a special proceeding," authorized by § 1448 of *The Code*, to compel the defendant "to an account of his administration, and to pay

the creditors what may be payable to them respectively."
" Its purpose is to ascertain what the assets of the estate are,
and distribute the same among all the creditors entitled to
share them, according to their respective rights." *Dobson* v.
*Simonton*, 93 N. C., 268.

Section 1451 of *The Code* directs that the Clerk shall
advertise for all creditors of the deceased to appear, &c., and
§ 1452 directs that " the advertisement shall be published at
least once a week for not less than six weeks in some news-
paper," &c.

The importance of a compliance with the requirements of
the statute is rendered apparent, not only by the particular-
ity with which the manner in which advertisement shall be
made, or notice given, is prescribed, as will be seen by refer-
ence to the section, but by the consequences of the final
report and judgment. See §§ 1462, 1467, 1468 and 1469 of
*The Code*.

But it is insisted that, while a creditor might take advan-
tage of this want of notice, an administrator who has been
guilty of *devastavit* cannot complain, and that in the case
before us no exception was taken before the Clerk. This is
a mistake. As the judgment is to bind the administrator or
executor to the extent of the assets which he may have
received, or ought to have received, he has a right to be pro-
tected, by the judgment of the Court, against suits by other
creditors, and it is quite clear that creditors (other than par-
ties appearing) would not be bound unless notified in the
manner prescribed or by personal service of notice.

It appears in the case before us that there were other
claims against the estate; that there were suits pending in
other counties (two in Granville and one in Vance), and it
does not appear that any notice to creditors was given, other
than that posted at the court-house door, and it does not
appear that that was posted for thirty days, as required;
whereas, the Clerk was required, in addition thereto, to pub-

lish the notice for at least six weeks in some newspaper "most likely to inform all the creditors."

Notice was not given as required by *The Code*, and the omission could be taken advantage of before the Judge as well as before the Clerk. (§ 1448); and the defendant's first exception should have been sustained.

The Court below seems to have acted upon the idea that, as the administrator had paid over to the "heirs" or next of kin sums more than sufficient to pay the plaintiffs' judgment against the estate, it was unnecessary to state an account or proceed further. Undoubtedly, as against creditors, such payments to next of kin would not protect the administrator, but the proceedings under the statute contemplated a "final report and judgment," which shall settle the account of the administrator and close the administration; and there was error in overruling the defendant's second exception.

The other exceptions relate to the jurisdiction and power of the Clerk to render the judgment set out in the record.

Conceding that the Clerk has a special jurisdiction, distinct from his general duties as Clerk of the Court, and that he had jurisdiction to render judgment in this case, the proceedings and judgment must be in conformity with the power conferred upon him. *Brittain* v. *Mull*, 91 N. C., 498.

As to the nature of the judgment to be rendered against the administrator or executor, and the execution thereon, we refer to §§ 1469, 1470, 1471 and 1509 of *The Code*.

As was said by the Chief Justice in *Brooks* v. *Headen*, 88 N. C., 449, "we do not mean to intimate that the plaintiff may not in the same action obtain a personal judgment, and then pursue his remedy against the intestate's estate, personal and real, in their proper order, for its satisfaction." It is not improper to say that such a judgment may be rendered, but in view of the errors in overruling the other exceptions of the defendant, the form of the judgment becomes immaterial.

Error.                          Judgment reversed.