LOUISE B. SMITH v. SUSAN E. MOORE, PETITIONER.

(Filed 24 February, 1909.)

1. Supreme Court—Motions—Newly Discovered Evidence—Petition
   to Rehear.

   A motion for a new trial, in the Supreme Court, upon the
   ground of newly discovered evidence, is a matter for the full
   Court, and will not be entertained after the case has been certi-
   fied down, nor will an ungranted petition to rehear, made at the
   same time to the Justices of the Court, under the rule, put the
   case in the Supreme Court.

2. Same.

   An order of the Supreme Court to again docket a case in which
   an opinion has been rendered is based on error of law in the
   previous decision, and an application to that effect, if not granted,
   will not permit a motion therein for a new trial for newly dis-
   covered evidence, which can be made in the lower court.

PETITION to rehear, and motion for new trial for newly dis-
covered evidence in this case, reported in 149 N. C., 185.

CLARK, C. J. After the opinion in this case had been certi-
fied down, the defendants filed a petition here to rehear, and a
motion for new trial for newly discovered evidence.

A petition to rehear rests upon alleged error in the opinion, and requires, before it is docketed for consideration by the Court, the approval of one or more Justices, to whom it is submitted by the petition. Rule 53. This approval the two Justices to whom the petition was referred have felt impelled to decline.

A motion for a new trial for newly discovered evidence is a matter for the full Court, like all other motions. The practice in such cases, since the statute of 1887, now Revisal, sec. 604, as laid down in *Black v. Black,* 111 N. C., 305, is:

1. When the case is pending here, this Court can entertain a motion on the ground of newly discovered evidence, and, of course, it could do so even after the opinion is filed, if before it is certified down, *i. e.,* as long as the matter is *in fieri.*

2. When final judgment is rendered in this Court, as is still done, though not so often as formerly *(Railroad Connection Case,* 137 N. C., 21), the motion on the ground of newly discovered evidence must be made here and a petition to rehear filed. This is necessarily so in such cases, as the case is not sent back to the Superior Court at all. The petitioner misunderstood the reference to "final judgment rendered in this Court," for the next paragraph provides:

3. When the opinion has been certified down, such motion must be made in the Superior Court. To same effect *Banking Co. v. Morehead,* 126 N. C., 283. *Turner v. Davis,* 132 N. C., 189, was rested "on the peculiar facts of that case," as is there stated.

The remedy of the petitioner is by motion, on the ground of newly discovered evidence, made in the Superior Court. *Banking Co. v. Morehead, supra.* Of course, when a petition to rehear is docketed the case is again in this Court for argument, and a motion for new trial for newly discovered evidence can then be made here. But a mere application to rehear, not ordered docketed by the Justices to whom it is presented, does not put the case in this Court. An order to docket is based on error of law in the previous decision, and a certificate to that effect will not be made merely to permit a motion, which can be made in the court below.

Motion Denied.