WALKER, J., concurs in result.
Indictment for house burning.
The defendant was convicted, and from the sentence of the court appealed.
The facts are sufficiently stated in the opinion.
1. The defendant was indicted for burning a "certain shop and storehouse, the property of one C. S. Wallace, occupied (654) by one W. A. Howland and used in the trade of woodworking." The evidence in regard to the house is that the defendant was seen to set fire to "Howland's workshop. It was right under the side of the shop, under a tank of gasoline used for running the machinery in the shop. The house belonged to C. S. Wallace and was used by Howland for operating some working machinery."
The defendant was convicted, and brings the case to this Court upon the one exception, that there was a fatal variance between the allegation in the bill and the proof.
The witness Mann, who testified to seeing defendant set the building on fire, repeatedly called it "a shop," and we think it is properly so charged in the bill. The whole evidence tends to bring the structure within the description of a shop, as given in S. v. Morgan, 98 N.C. 643.
2. The defendant files a petition for a new trial, on the ground of nely [newly] discovered evidence. *Page 629 
We have not been cited to any case in this country where a new trial has been allowed in criminal cases by an appellate court upon the ground of newly discovered evidence, and it is not allowed in Great Britain. If such practice prevailed, the proper administration of the criminal law in which our entire people are interested, would be seriously impaired and the delays incident to it greatly increased.
The case with which evidence would be "newly discovered" would give the accused, when convicted, too great an opportunity to postpone the sentence of the law almost indefinitely.
The State would, of necessity, be denied the right to ask for a new trial, for similar reasons, for when the accused is acquitted no new trial may be granted for any reason whatever. The Superior Court judge cannot even award a new trial to the State, and the right of appeal upon its part is extremely limited, and never lies after a general verdict of not guilty. The Superior Court judge may grant a new trial to the accused during the term, and his discretion is irreviewable.
And if the accused is finally convicted and sentenced, he may still apply to the Governor for executive clemency.
This question is fully discussed and all the authorities cited in the well-considered opinion of the Chief Justice in S. v. Lilliston,141 N.C. 863. The soundest considerations of public policy require that we adhere to that decision, founded as it is in the wisdom of our forefathers. We are more firmly convinced of the wisdom of (655) our former judgment when we examine the newly discovered evidence set out by this defendant, which is mainly intended to contradict a State witness. With reasonable diligence it could have been presented either on the trial or to the presiding judge before he adjourned the term.
The judgment of the Superior Court is
Affirmed.