H. T. WARWICK v. MOLLIE L. TAYLOR, ADMINISTRATRIX OF L. L. TAYLOR.

(Filed 17 September, 1913.)

1. Timber Deeds—Period of Cutting—Reversion.

When the grantee in a deed conveying standing timber on lands, with an optional extension period for cutting, desires the further time allowed, he must comply with the conditions imposed in the conveyance, or the timber uncut after the original time allowed will revert to the grantor or his assigns.

2. Trials—Timber Deeds—Conveyance in Affirmance—Timber Reserved—Damages—Evidence.

The defendant in a timber deed conveyed the timber described in his deed, and his grantee failed to finish cutting it in the time allowed. The plaintiff, to whom the original owner conveyed the land, executed a conveyance of the timber to the defendant's grantee, confirming his original deed and extending the time for cutting and removing the timber, which was accordingly done in the stated period: *Held*, the grantee of the defendant acquired his right to cut the timber under the plaintiff's deed, and the defendant cannot be held liable for damages caused by his cutting timber on the land which had been reserved.

3. New Trials — Motions — Newly Discovered Evidence—Supreme
   Court—Character of Evidence.

    A motion for a new trial upon the grounds of newly discov-
ered evidence will only be granted when it is made to appear
that it is very probable that substantial injustice has been done
by reason of unavoidable failure of the moving party to produce
the evidence at the trial, which would have resulted in a differ-
ent determination of the action in the interest of right and
justice; and evidence which is merely cumulative is not ordina-
rily held sufficient. Hence such motions when made in the Su-
preme Court for the first time will not be granted where there
is no assignment of error appearing of record as to anything that
occurred at the trial.

APPEAL by plaintiff from *Cooke, J.,* at the March Term, 1913,
of NORTHAMPTON.

Civil action.

From a judgment of nonsuit, upon the first cause of action
stated in complaint, plaintiff appeals.

Plaintiff also moves in the Supreme Court for a new trial
upon the second cause of action, upon the ground of newly dis-
covered evidence.

The facts are stated in the opinion of the Court.

*W. H. S. Burgwyn, Mason, Worrell & Long for plaintiff.*
*Peebles & Peebles, Gay & Midgette for defendant.*

BROWN, J. The facts pertinent to the first cause of action are
these: Plaintiff conveyed to L. L. Taylor, the intestate, by
deed dated 20 June, 1899, all the pine and oak timber of cer-
tain dimensions on a tract of land, to be cut and removed within
seven years. The deed was duly recorded 22 July, 1899. The
said Taylor then gave to the plaintiff the following paper:

I, L. L. Taylor, do hereby give H. T. Warwick permission
to cut the scattering pine timber on the hill on 2½ acres of his
land lying on the southeast corner of his house where he has
been cutting cordwood, near a pond or drain in said woods.

                                          L. L. TAYLOR.
Witness: J. L. HARRIS.

This was recorded 4 April, 1913.

On 7 November, 1901, L. L. Taylor conveyed all said standing timber to the Camp Manufacturing Company by deed recorded 7 January, 1902.

Under the deed from plaintiff to Taylor, the time within which the timber must be cut and removed expired 20 June, 1906, but on 9 July, 1902, the plaintiff executed a deed to the Camp Manufacturing Company, confirming the original conveyance, and conferring upon said company the right to cut and remove all the timber until 20 June, 1908. This deed was recorded 19 July, 1902.

During the extended period of two years, between 20 June, 1906, and 20 June, 1908, the Camp Company cut and removed all the said timber, including "the scattering pine timber on the hill on 2½ acres" described in the paper-writing given by Taylor to Warwick, *supra,* numbering some nineteen sticks.

Upon these facts, the motion to nonsuit was properly sustained.

The evidence shows that all the timber was cut and removed by the Camp Manufacturing Campany after the time limit in the deed from plaintiff to Taylor and Taylor to Camp had expired. None of it was cut by the defendant's intestate, Taylor.

The authority of Camp to cut the timber was plaintiff's deed to Camp, dated 9 July, 1902, extending the time authorizing the cutting for two years. Had plaintiff not executed this instrument, all the timber, including the "scattering pine timber on the hill," would have reverted to him.

It is difficult to conceive upon this state of facts why plaintiff should recover against Taylor.

There is no assignment of error by the plaintiff as to anything that occurred at the trial of his second cause of action, and he relies solely upon his motion for a new trial for alleged newly discovered testimony as to said second cause of action, which said motion is made for the first time in this Court.

Motions for new trial founded upon alleged newly discovered evidence are carefully scrutinized, and we are not disposed to grant them except for substantial cause in cases that come strictly within the established rules of law applicable to them. *Simmons v. Mann,* 92 N. C., 16.

This Court will not grant a new trial for newly discovered evidence for light causes and considerations. It will do so only in cases where it is very probable that *substantial injustice* has been done by reason of the *unavoidable failure* to produce the evidence on the trial, and when also it is probable that upon a new trial a different result will be reached and the right will prevail. Evidence merely cumulative is generally considered as insufficient. *Simmons v. Mann, supra.*

We have examined carefully the affidavits in support of the motion, and the same is denied.

The judgment of the Superior Court is

Affirmed.