LAND COMPANY v. BOSTIC & WELLS AND P. V. BOSTIC.

(Filed 16 December, 1914.)

1. Vendor and Purchaser—Sale Not Consummated—Trials—Evidence—Verdicts—Mortgages.

In an action to recover the possession of two mules, where the evidence was conflicting whether the defendant bought them on trial or on credit. the controversy presented an issue of fact, which being found in the plaintiff's favor. the title to the mules did not pass to the defendant or to his vendee; and hence there were no features of a conditional sale presented, requiring registration as to third persons.

2. Vendor and Purchaser—Evidence of Sale—Acceptance of Check—Trials—Questions for Jury.

In this. action to recover the possession of certain mules, which is resisted on the ground that the defendant had purchased them on a credit, a letter written by the defendant to the plaintiff was introduced in evidence by the former, saying that it inclosed a check for $25 which was "a payment on the mules bought." *Held,* the statement in the letter is not sufficiently definite to be controlling on the question, and only afforded relevant evidence on the issue.

3. New Trial—Newly Discovered Evidence—Cumulative Evidence.

Evidence which is only cumulative and contradictory of the testimony of a witness of the opposing party to the action is not sufficient upon which to obtain a new trial for newly discovered evidence.

APPEAL by defendant from *Justice, J.,* at December Term, 1913, of RUTHERFORD.

Civil action to recover possession of a pair of mules.

Verdict and judgment for plaintiff, and defendant excepted and appealed.

*M. L. Edwards, Quinn, Hamrick & McRorie for plaintiff.*
*S. Gallert, J. M. Carson, and McBrayer & McBrayer for defendant.*

PER CURIAM. The question at issue in this case is very largely one of fact for the decision of the jury.

Plaintiffs claimed and offered evidence tending to show that plaintiff agreed to sell Bostic & Wells the pair of mules, wagon and harness for $600 if they could pay as much as $150 or $200 down and give a chattel mortgage for the remainder of the purchase money; that the mules were turned over to defendants to try, and that they had neither made the payment nor executed the mortgage.

On the other hand, the defendants contended that they, C. H. Bostic and R. L. Wells, bought the mules outright and were to pay for them as

LAND Co. *v.* BOSTIC.

they could and within a reasonable time; that they had afterwards sold the mules to their codefendant, P. V. Bostic, for full value, and had been paid the price.

The jury have accepted plaintiff's version of the matter, and this being true, no title passed to Bostic & Wells, nor could they pass any title to the purchaser.

The facts do not present a case of a regular conditional sale requiring registration against third persons; but, if plaintiff's testimony is accepted, no title ever passed, conditional or otherwise, under the principle declared in *Millhiser v. Erdman,* 98 N. C., 292.

It was earnestly urged for defendants that on the trial due significance was not allowed to a certain letter sent by Bostic & Wells to plaintiff, inclosing a check for $25 and saying "it was a payment on the mules bought of the company." While this statement tends to confirm defendant's position rather than plaintiff's, it is not sufficiently definite to be controlling on the question, and its province is only as a piece of relevant evidence on the issue, and was so treated by his Honor. It does not come under the decisions where a creditor accepts money under a clear and definite condition that the remittance is to be in full, as in *Bank v. Justice,* 157 N. C., 373, and cases of that kind; but it is of that character which permits interpretation and comes rather under *Aydlett v. Brown,* 153 N. C., 334, and *Armstrong v. Lonon,* 149 N. C., 434, in which the effect must be referred, with other relevant testimony, to the jury.

The affidavits offered in defendant's motion for a new trial are not, in our opinion, sufficiently conclusive to justify the court in granting defendant's application. While they tend strongly to support defendant's position, it is rather because they tend to contradict a witness for plaintiff, and, apart from this, they are only in the nature of cumulative testimony, and, under our decisions, are not sufficient to sustain the motion. *S. v. Starnes,* 97 N. C., 423.

After giving the matter our most careful consideration, we find no reversible error, and are of opinion that the judgment on the verdict should be affirmed.

No error.