MATILDA EVERETT v. W. M. SNEED ET AL.

(Filed 3 October, 1923.)

**New Trials—Supreme Court—Motions—Presumptions.**

Upon motion in Supreme Court for new trial for newly discovered evidence the presumption is the correctness of the verdict, which appellant must overcome, and show due diligence on his part.

APPEAL by defendant from *Allen, J.,* at November Term, 1922, of WAYNE.

Civil action in ejectment and to recover rents. Defendants claimed title to the property and also set up claim for improvements or betterments.

From a verdict and judgment in favor of plaintiff, the defendants appealed, assigning errors.

*Kenneth C. Royall and E. A. Humphrey for plaintiff.*
*Langston, Allen & Taylor for defendants.*

PER CURIAM. This case, on the trial, narrowed itself principally to questions of fact, which the jury alone could determine. A careful examination of the record leaves us with the impression that the cause has been tried in substantial conformity to the law bearing on the subject. The chief exceptions are those directed to the admission of evidence and to alleged errors in the charge. We have discovered no ruling or action on the part of the trial court which would entitle the defendants to another hearing or to a *venire de novo.*

Defendants have also moved in this Court for a new trial upon the ground of newly discovered evidence. The affidavits accompanying this motion have been scrutinized and examined with care, but we are not prepared to say that they met the requirements or prerequisites announced in *Johnson v. R. R.,* 163 N. C., 431. In this regard the burden is on the applicant, or movant, to rebut the presumption that the verdict is correct and that there has been a lack of due diligence. 14 A. & E. Enc. Pl. and Pr., 790. We are of opinion that the present motion must be overruled, and it is therefore disallowed.

No error.