W. M. HILTON v. UNITED STATES FIRE INSURANCE COMPANY ET AL.

(Filed 25 April, 1928.)

### Appeal and Error—New Trial—Newly Discovered Evidence.

Motion in the Supreme Court for a new trial for newly discovered evidence denied on the grounds of its being merely cumulative and sharply denied.

APPEAL by defendant from *McRae, Special Judge,* at Special October Term, 1927, of UNION. No error.

Action to recover upon policy of fire insurance. Issues submitted to the jury were answered as follows:

1. Was the property of the plaintiff insured by the defendant, United States Fire Insurance Company, as alleged in the complaint? Answer: Yes.

2. Was the hazard of said risk increased by any means within the control or knowledge of plaintiff as alleged in the answer? Answer: No.

3. Were the buildings insured unoccupied beyond a period of ten days preceding the fire? Answer: No.

4. If so, was said insurance in force and effect at the time said property was destroyed by fire as alleged in the complaint? Answer: Yes.

5. What amount, if any, is the plaintiff entitled to recover of the defendant, United States Fire Insurance Company, on said policy? Answer: $500, with interest.

From judgment on the verdict defendant, United States Fire Insurance Company, appealed to the Supreme Court.

*W. O. Lemmond and John C. Sikes for plaintiff.*
*Vann & Millikin for defendant.*

PER CURIAM. After the appeal in this action had been docketed in this Court, and after due notice to appellee, appellant moved for a new trial upon the ground of newly discovered evidence. This motion was heard upon affidavits filed by appellant in support of said motion, and by appellee in opposition thereto.

Upon the trial of the action in the Superior Court defendant relied chiefly upon its contention that the third issue should be answered by the jury in the affirmative. The court instructed the jury that there was no evidence in support of this contention, and that they should therefore answer the issue "No." Evidence offered by plaintiff, with respect to the third issue, tended to show that the buildings covered by the policy, and destroyed by fire, were occupied by Will Barnhardt, a

tenant of plaintiff, within three or four days prior to the fire. Will Barnhardt did not testify at the trial; he was not present.

Since the trial he has signed an affidavit in which he swears that he moved out of the buildings more than ten days prior to the fire. This is newly discovered evidence upon which appellant relies upon its motion in this Court for a new trial. This affidavit is merely in contradiction of witnesses who testified at the trial. The affidavit itself, while supported by other affidavits, is sharply contradicted by affidavits filed by appellee—among others by the affidavit of Eliza Barnhardt, mother of Will Barnhardt, who swears that she was living near the buildings which were destroyed by fire, and that her son, Will Barnhardt, and his family moved out of said buildings three or four days before the fire.

Appellant's motion is denied upon the principles stated in *Boyd v. Leatherwood,* 165 N. C., 614; *Johnson v. R. R.,* 163 N. C., 431; *Warwick v. Taylor,* 163 N. C., 68, and *Mottu v. Davis,* 153 N. C., 160.

Defendants' assignments of error based upon exceptions taken at the trial and discussed in the brief filed in this Court by its counsel have been considered. They cannot be sustained. The judgment is affirmed.

No error.