STATE *v.* CASEY.

---

STATE v. HERMAN CASEY.

(Filed 10 November, 1931.)

1. **Criminal Law J c—After affirmance of judgment by Supreme Court the Superior Court has jurisdiction to hear motions for new trial.**

   Where the Supreme Court has affirmed the judgment on an appeal in a criminal case and the judgment has been certified to the clerk of the Superior Court, C. S., 1412, the case is in the latter court for the purpose of the execution of the sentence, and a motion for a new trial may be there entertained for disqualification of jurors and for newly discovered evidence, C. S., 4644, and the motion is made in apt time if made at the next succeeding term after the case is certified down.

2. **Same—Jurisdiction of trial court to hear motions for new trial after affirmance of judgment by Supreme Court applies to capital cases.**

   An appeal in a criminal case does not vacate the judgment of the Superior Court, C. S., 4654, and although C. S., 4663 as amended by chap. 55, Public Laws of 1925, provides that the clerk of the Supreme Court

STATE *v.* CASEY.

shall notify the warden of the penitentiary of the affirmance of the judgment in a capital case for execution of the sentence, yet the judgment to be executed is the judgment of the Superior Court, and it will not be held that the law intended to be less mindful of the rights of one condemned to die than of those convicted of less offenses, and under the provisions of the Federal Constitution, Art. XIV, providing that "no state shall deny to any person within its jurisdiction the equal protection of the laws" it is *Held*, a motion for a new trial for newly discovered evidence and for disqualification of jurors may be made in a capital case in the trial court at the next succeeding term of court after the affirmance of the judgment by the Supreme Court. C. S., 4644.

3. **Statutes B a—Courts will adopt construction of statute which is constitutional.**

Where a statute is susceptible of two interpretations, one of which is constitutional and the other not, the Court will adopt the former and reject the latter.

4. **Appeal and Error J b—Where court exercises discretion under erroneous belief that it was without jurisdiction the case will be remanded.**

Where a motion for a new trial for disqualification of jurors and for newly discovered evidence has been denied by the trial court under the erroneous belief that it lacked jurisdiction to hear the motion, and denied also in the exercise of the discretion, the case is appealable, and as the court's erroneous belief as to its jurisdiction might have affected the exercise of the discretionary powers, the case will be remanded on appeal.

ADAMS, J., dissents.

BROGDEN, J., concurring.

CLARKSON, J., dissenting.

APPEAL by defendant from *Devin, J.,* at August Term, 1931, of LENOIR.

Motion by defendant for new trial on grounds of disqualification of certain jurors by reason of alleged fraud and prejudice, and for newly discovered evidence, made in the Superior Court at the next succeeding term following affirmance of judgment on appeal.

At the September Special Term, 1930, Lenoir Superior Court, Hon. W. A. Devin, judge presiding, the movant, Herman Casey, was tried upon an indictment charging him with the murder of one James C. Causey, which resulted in a conviction and sentence of death. On appeal to the Supreme Court the verdict was upheld and the judgment affirmed, opinion filed 27 June, 1931.

Several weeks after the adjournment of the September Special Term of court at which the case was tried, the movant learned for the first time of the matters affecting the jury and of the newly discovered evidence. Thereupon, at the December Term, 1930, Lenoir Superior Court, the next succeeding term after the discovery of said matters, a motion was made before Hon. G. V. Cowper, special judge presiding, for a new trial, upon the grounds stated, which was denied for want

of power to entertain the motion, as the case was then pending in the Supreme Court on appeal. This ruling was affirmed, *ante,* 185; *Bledsoe v. Nixon,* 69 N. C., 82.

On 29 June, 1931, two days after the filing of the opinion in this Court, and before it had been certified to the Superior Court of Lenoir County, the movant, without filing a petition to rehear, lodged a motion here for "Mistrial and New Trial" on the same grounds set out in his original affidavits, to wit, disqualification of certain jurors by reason of alleged fraud and prejudice, and newly discovered evidence. This was denied 2 July, 1931, and rightly so under the decisions in *Moore v. Tidwell,* 194 N. C., 186, 138 S. E., 541, and *Teeter v. Express Co.,* 172 N. C., 620, 90 S. E., 927.

The movant, thereafter, renewed his motion at the regular August Term, 1931, Lenoir Superior Court, the next succeeding term following affirmance of the judgment here, which was denied by Hon. W. A. Devin, judge presiding, on the ground that "this court at this term is without power to set aside said verdict and judgment and grant a new trial for the causes set forth in said motion and affidavit, being of opinion that the defendant's case is not now pending in the Superior Court of Lenoir County."

And further:

"2. The court is further of the opinion after consideration of said affidavits for the defendant and the State that the allegations tending to show that three of the jurors were disqualified has not been sustained. The court finds that the three jurors whose conduct is sought to be impeached on this motion were competent jurors and that they and each of them acted fairly and honestly in arriving at the verdict in said case.

"3. Upon the defendant's motion for a new trial for newly discovered evidence as alleged in his motion and affidavits the court is of the opinion that it is without power to set aside the verdict and judgment and grant a new trial for this cause and denies the same. The court further finds that the alleged newly discovered evidence seems to be in contradiction and cumulative, and considering the great mass of testimony offered at the trial from more than 100 witnesses, doubts that this evidence would have changed the result reached by the jury."

From the order denying his motion, the movant appeals, having applied to the Governor in the meantime for a respite or reprieve of his sentence until the matter could be heard by the courts.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Shaw & Jones for defendant.*

STATE *v.* CASEY.

STACY, C. J., after stating the case: The appeal calls for a ruling upon an important question of practice: When may the courts entertain a motion in a criminal case for a new trial on the grounds of information affecting the competency of jurors, and for newly discovered evidence, which come to the attention of the defendant after trial and conviction?

Undoubtedly, if knowledge of the matters and things, now urged as grounds for a new trial, had come to the movant during the term of court at which he was tried and convicted, the judge at that term, the trial term, would have been clothed with the power, as well as the duty, to hear and determine the motion upon its merits. *S. v. Jackson,* 199 N. C., 321, 154 S. E., 402; *S. v. Hartsfield,* 188 N. C., 357, 124 S. E., 629; *S. v. Trull,* 169 N. C., 363, 85 S. E., 133; *S. v. Jimmerson,* 118 N. C., 1173, 24 S. E., 494; *S. v. Fuller,* 114 N. C., 885, 19 S. E., 797; *S. v. DeGraff,* 113 N. C., 689, 18 S. E., 507; *S. v. Morris,* 109 N. C., 820, 13 S. E., 877; *Turner v. Davis,* 132 N. C., 187, 43 S. E., 637. And unless some question of law or legal inference were involved in his ruling, it would not be subject to review on appeal. *S. v. DeGraff, supra; Fleming v. R. R.,* 168 N. C., 248, 84 S. E., 270; *Munden v. Casey,* 93 N. C., 97.

It is the ruling in a number of cases that when the matter, or new evidence, is discovered *during the term,* the motion must be made to the court that tried the cause, and its ruling thereon, whether for or against a new trial, is ordinarily conclusive. *Turner v. Davis, supra; Redmond v. Stepp,* 100 N. C., 212; *Carter v. King,* 174 N. C., 549, 94 S. E., 4.

Indeed, unless the case is kept alive by appeal, such motion can be entertained only at the trial term. *Lancaster v. Bland,* 168 N. C., 377, 84 S. E., 529; *Stilley v. Planing Mills,* 161 N. C., 517, 77 S. E., 760; *S. v. Bennett,* 93 N. C., 503.

Both the trial and appellate courts have exercised the right to grant new trials for newly discovered evidence in civil cases, and the rules governing such applications, in cases appearing on the civil side of the docket, are well established by a number of decisions. But on account of the abuse to which such applications are susceptible, the courts have found it necessary to admit them cautiously, under somewhat stringent rules, to prevent the endless mischief which a different course would undoubtedly produce. *Chrisco v. Yow,* 153 N. C., 434, 69 S. E., 422; *Vernon v. Hankey,* 2 T. R. (Eng.), 120; *S. v. Carr,* 21 N. H., 166, 53 Am. Dec., 179; *Linscott v. Orient Ins. Co.,* 88 Me., 497, 51 Am. St. Rep., 435; *S. v. Stain,* 82 Me., 472; *Commonwealth v. Sacco and Vanzetti,* 259 Mass., 128; *Davis v. Boston Elevated Ry.,* 235 Mass., 482 at p. 495; Baylies' Trial Practice, 507; 20 R. C. L., 289.

STATE *v.* CASEY.

The applicant in all cases, civil as well as criminal, has the laboring oar to rebut the presumption that the verdict is correct and that he has not exercised due diligence in preparing for trial. *Brown v. Sheets,* 197 N. C., 268, 148 S. E., 233; *Brown v. Hillsboro,* 185 N. C., 368, 117 S. E., 41; *Johnson v. R. R.,* 163 N. C., 431, 79 S. E., 690. In other words, laches must be negatived and probable or manifest injustice shown. *Alexander v. Cedar Works,* 177 N. C., 536, 98 S. E., 780; *Wilkie v. R. R.,* 127 N. C., 203, 37 S. E., 204; *Carson v. Dellinger,* 90 N. C., 226. To do justly is the goal of the courts in every case, but this does not mean to favor the negligent at the expense of the diligent party. He who sleeps upon his rights may lose them. *Lex reprobat moram. Battle v. Mercer,* 188 N. C., 116, 123 S. E., 258.

As prerequisites, therefore, to the granting of new trials on the ground of newly discovered evidence, it is settled by the decisions in this jurisdiction that it must appear by affidavit:

1. That the witness or witnesses will give the newly discovered evidence. *Brown v. Hillsboro, supra; Aden v. Doub,* 146 N. C., 10, 59 S. E., 162; *Dupree v. Ins. Co.,* 93 N. C., 237; *Holmes v. Godwin,* 69 N. C., 467.

2. That such newly discovered evidence is probably true. *Brown v. Hillsboro, supra; Mottu v. Davis,* 153 N. C., 160, 69 S. E., 63; *Aden v. Doub, supra.*

3. That it is competent, material and relevant. *Brown v. Sheets, supra; Brown v. Hillsboro, supra; Henry v. Smith,* 78 N. C., 27.

4. That due diligence was used and proper means were employed to procure the testimony at the trial. *Brown v. Sheets, supra; Everett v. Sneed,* 186 N. C., 766, 119 S. E., 5; *Brown v. Hillsboro, supra; Alexander v. Cedar Works, supra; Chrisco v. Yow,* 153 N. C., 434, 69 S. E., 422; *Shehan v. Malone,* 72 N. C., 59; *Bledsoe v. Nixon,* 69 N. C., 82.

5. That the newly discovered evidence is not merely cumulative. *Brown v. Sheets, supra; Scales v. Wall,* 194 N. C., 804, 140 S. E., 80; *Coleman v. McCullough,* 190 N. C., 590, 130 S. E., 508; *Brown v. Hillsboro, supra; Alexander v. Cedar Works, supra; Chrisco v. Yow, supra; S. v. DeGraff, supra; Land Co. v. Bostic,* 168 N. C., 99, 83 S. E., 747; *S. v. Starnes,* 97 N. C., 423, 2 S. E., 447; *Simmons v. Mann,* 92 N. C., 12.

6. That it does not tend only to contradict a former witness or to impeach or discredit him. *Hilton v. Ins. Co.,* 195 N. C., 874, 142 S. E., 782; *Young v. Stewart,* 191 N. C., 297, 131 S. E., 735; *Brown v. Hillsboro, supra; Land Co. v. Bostic, supra; Turner v. Davis, supra; S. v. DeGraff, supra; Brown v. Mitchell,* 102 N. C., 347, 9 S. E., 702; *Sikes v. Parker,* 95 N. C., 232.

7. That it is of such a nature as to show that on another trial a different result will probably be reached and that the right will prevail. *Brown v. Sheets, supra; Brown v. Hillsboro, supra; Alexander v. Cedar Works, supra; Mottu v. Davis, supra; Simmons v. Mann, supra; Carson v. Ins. Co.,* 165 N. C., 135, 80 S. E., 1080; *Warwick v. Taylor,* 163 N. C., 68, 79 S. E., 286.

In civil cases, when the matter, or newly discovered evidence, comes to the attention of the applicant after the adjournment of the term of court at which the case was tried, and pending the appeal, the motion should be made in the Supreme Court. *Moore v. Tidwell,* 194 N. C., 186, 138 S. E., 541; *In re Edens,* 182 N. C., 398, 109 S. E., 269; *Allen v. Gooding,* 174 N. C., 271, 93 S. E., 740. If discovered after filing of the opinion in the Supreme Court, and before it is certified down, a petition to rehear should be filed for the purpose of making the motion here. *Allen v. Gooding, supra; Shehan v. Malone,* 72 N. C., 59. Compare *Fleming v. Barden,* 127 N. C., 214, 37 S. E., 219. But when the judgment of the Superior Court has been affirmed and the opinion certified down, and the matter finally disposed of here, the motion (or action in the nature of a bill of review, as was resorted to in *Matthews v. Joyce,* 85 N. C., 258) should be made or begun in the Superior Court at the next succeeding term. *Allen v. Gooding, supra; Black v. Black,* 111 N. C., 300, 16 S. E., 412; *Smith v. Moore,* 150 N. C., 158, 63 S. E., 735; *Banking Co. v. Morehead,* 126 N. C., 279, 35 S. E., 593.

Notwithstanding the establishment of the above rules as applicable to civil cases, and C. S., 4644, which provides that "the courts may grant new trials in criminal cases when the defendant is found guilty, under the same rules and regulations as in civil cases," nevertheless, in view of Art. IV, sec. 8, of the Constitution which empowers the Supreme Court "to review on appeal any decision of the courts below, upon any matter of law or legal inference," it is the practice with us, established by a long line of decisions, that new trials will not be awarded by the Supreme Court for newly discovered evidence in criminal prosecutions. *S. v. Griffin,* 190 N. C., 133, 129 S. E., 410; *S. v. Hartsfield,* 188 N. C., 357, 124 S. E., 629; *S. v. Williams,* 185 N. C., 643, 116 S. E., 570; *S. v. Jenkins,* 182 N. C., 818, 108 S. E., 767; *S. v. Ice Co.,* 166 N. C., 403, 81 S. E., 956; *S. v. Arthur,* 151 N. C., 653, 65 S. E., 758; *S. v. Turner,* 143 N. C., 641, 57 S. E., 158; *S. v. Lilliston,* 141 N. C., 857, 54 S. E., 427; *S. v. Register,* 133 N. C., 746, 46 S. E., 21; *S. v. Edwards,* 126 N. C., 1051, 35 S. E., 540; *S. v. Rowe,* 98 N. C., 629, 4 S. E., 506; *S. v. Starnes,* 94 N. C., 973.

It is said in some of the cases that by reason of the language in the above section of the Constitution the jurisdiction of the Supreme Court in criminal prosecutions is limited to matters of law or legal inference, and that it does not extend to applications for new trials on the ground of newly discovered evidence. *S. v. Lilliston, supra; S. v. Turner, supra; S. v. Arthur, supra.* The decision in each of these cases, however, was by a divided Court. For like reason, petitions to rehear are not allowed in criminal cases. *S. v. Council,* 129 N. C., 511, 39 S. E., 814; *S. v. Jones,* 69 N. C., 16.

The case of *S. v. Starnes,* 94 N. C., 973, and 97 N. C., 423, in which the defendant was convicted of rape and sentenced to death, is essentially parallel to the one at bar. There, as here, application was made in the Supreme Court for a new trial on the ground of newly discovered evidence, which came to the attention of the applicant after his conviction in the Superior Court and pending the appeal. This was denied as a matter of procedure without passing upon its merits. *S. v. Hartsfield, supra; S. v. Turner, supra.* At the next succeeding term of Union Superior Court, following affirmance of the judgment here, when the prisoner was called for resentence, as was the practice at that time, and inquiry made of him if he had aught to say why judgment of death should not be pronounced against him, he renewed his application for a new trial upon the same ground of newly discovered evidence, supporting his motion by a number of affidavits. The motion was entertained, but denied for insufficient showing, and on appeal it was said: "While in this case, the judge puts his refusal upon the ground that the case made does not come up to the rule in one essential particular, he does not abnegate the power to make the order when all its requirements are met, and this in the pending application, and there is no error in law in his ruling."

But it is questioned whether the decision in *Starnes' case,* rendered in 1886, is controlling at the present time in view of chapters 191 and 192, Laws 1887, now C. S., 657 and 4654, which provide that in all cases, civil and criminal actions alike, an appeal shall not be construed to vacate the judgment, and C. S., 4663, as amended by chapter 55, Public Laws 1925, which provides that on appeal in capital cases, should no error be found in the trial, the condemned person shall be executed on the third Friday after filing of the opinion, and the clerk of the Supreme Court is required to notify the warden of the penitentiary of the date of such filing, no resentence of the prisoner in the Superior Court being contemplated in such cases. But the judgment to be executed is the judgment of the Superior Court, which was not vacated by the appeal.

It will be observed that C. S., 4663, as amended, deals only with the fixing of the new date of execution, when for any cause a stay of execu-

tion has been granted or brought about by operation of law (C. S., 4662), while the third proviso of C. S., 1412 is to the effect that in criminal cases the decision of the Supreme Court shall be certified to the Superior Court from which the case was transmitted, which Superior Court shall proceed to judgment agreeably to the decision of the Supreme Court and the laws of the State. Indeed, C. S., 4661 provides that after the execution of a death sentence, that fact shall be certified to the clerk of the Superior Court in which the sentence was pronounced and the certificate made a part of the papers in the case and entered upon the records.

In all criminal cases, other than capital, where the judgment is affirmed on appeal, it is provided by C. S., 4656, that the clerk of the Superior Court, on receipt of the certificate of the opinion of the Supreme Court, shall forthwith notify the sheriff, who is thereupon directed to proceed with the execution of the sentence. In such cases, however, it has been the practice on the circuit for the Superior Courts to entertain motions for new trials on the ground of newly discovered evidence at the next succeeding term following affirmance of the judgment on appeal. The most recent instance of such practice, coming to our attention, occurred in the case of *S. v. Cox and Whitley, ante,* 357, affirmed on appeal at the present term.

It is not supposed that the law in this respect is less mindful of the rights of a prisoner condemned to die, than it is of the rights of a defendant in a prosecution other than capital, or of the rights of a party in a civil action. *S. v. Hartsfield, supra.* "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws." Amend. XIV, U. S. Const.

Construing the above statutes in the light of the decisions, and considering the circumstance that no execution of the sentence in the instant case had been entered upon at the time of the last motion, we are of opinion that the judge of the Superior Court to whom the application was addressed had the power and discretion to hear and to dispose of the matter. To hold otherwise would perhaps threaten the validity of C. S., 4663, as amended, by causing it to offend against the constitutional assurance of the equal protection of the laws (*S. v. Fowler,* 193 N. C., 290, 136 S. E., 709), and there is a presumption against an interpretation which renders an act unconstitutional. *Green v. Asheville,* 199 N. C., 516, 154 S. E., 852; *Tob. Asso. v. Bland,* 187 N. C., 356, 121 S. E., 636. Where a statute is fairly susceptible of two interpretations, one constitutional and the other not, the rule of the courts is to adopt the former and reject the latter, for every presumption is to be indulged in favor of the validity of an act of the law-making body. *S. v. Yarboro,* 194 N. C., 498, 140 S. E., 216; *S. v. Revis,* 193 N. C.,

192, 136 S. E., 346; *Sutton v. Phillips,* 116 N. C., 502, 21 S. E., 968; *McGwigan v. R. R.,* 95 N. C., 428; *Comrs. v. Ballard,* 69 N. C., 18; *S. v. Manuel,* 20 N. C., 144; *Adkins v. Children's Hospital,* 261 U. S., 525; *St. Louis S. W. Ry. v. Ark.,* 235 U. S., 350; *Abby Dodge v. U. S.,* 223 U. S., 166; *U. S. v. Del. & Hud. Co.,* 213 U. S., 366; *Bridgeport Irr. Dist. v. U. S.,* 40 Fed. (2d), 830; *People v. City Prison,* 144 N. Y., 529, 39 N. E., 686; 25 R. C. L., 1000.

The authority which the applicant invokes is available in all other proceedings, both civil and criminal, up to and including the next succeeding term following affirmance of judgment on appeal, and it is difficult to perceive upon what basis of equality, or equal protection of the laws, it can be said that in capital cases—and in capital cases alone—the power of the judiciary to entertain such motions is exhausted with the adjournment of the trial term of court. *S. v. Fowler, supra.*

We are not called upon to say, nor do we decide, whether the statutes, as now written, leave an interstice or hiatus in the law, with respect to the jurisdiction of the Superior Court in capital cases after judgment of affirmance on appeal, as debated on argument and in brief. Suffice it to say, that, in the instant case, the door of the temple of justice has not been closed to the prisoner; he has been or is to be heard, and, in this respect, he is in no position to complain.

It is clear, we think, that the application for a new trial on the ground of newly discovered evidence was denied, not upon its merits, but under the misapprehension that the court was without authority to entertain the application. Where the exercise of a discretion is refused upon the ground that the court is without jurisdiction in the premises, the ruling is reviewable. *Gilchrist v. Kitchen,* 86 N. C., 20; *Hudgins v. White,* 65 N. C., 393.

"It is familiar learning that where a *nisi prius* judge rests his refusal to exercise his discretion upon the mistaken opinion, either that it is not vested in him or that the facts are not such as to call for its exercise, it is error. The rule is so established, because a judge, acting under a misapprehension of the law, might, in cases like that before us, refuse to follow the dictates of a sound discretion solely because he had been misled by an erroneous view as to his power"—*Avery, J.,* in *S. v. Fuller, supra.*

We express no opinion upon the merits of the matter. The motion will be passed upon by the judge of the Superior Court, to whose discretion it is committed (*S. v. Morris, supra*), and to that end the same is remanded to the Superior Court of Lenoir County.

Error and remanded.

ADAMS, J., dissents.

STATE *v.* CASEY.

BROGDEN, J., concurring: I concur in the opinion of the Court. It seems to be conceded that the courts have power to rehear causes and to entertain motions for newly discovered evidence where a nickel's worth of property was concerned, but that the same courts, under the same constitutional provision, are powerless and impotent where life is concerned. I concede further that we have many decisions and promulgated rules preventing the courts from entertaining motions for new trials for newly discovered evidence or petitions to rehear in criminal cases. All of these decisions and rules are directly in defiance of the Constitution and are judge-made in their entirety. If the Constitution is inadequate, then it should be changed in pursuance of the prescribed method and not by bare judicial decree.

Furthermore, if the courts have power to hear in misdemeanors, but no power to hear in capital felonies, then it is manifest that criminal procedure is more concerned with the mote than the beam.

CLARKSON, J., dissenting: The evidence in this case was to the effect, which was believed by the jury, that James C. Causey, in charge of the logging operations, of the Atlas Plywood Corporation, of Goldsboro, N. C., on 3 July, 1930, was going through an isolated woodland section of Lenoir County, N. C. That he was driving a Hudson Coach, on a narrow road, about 12 o'clock noon, and met defendant Herman Casey, driving a truck. Both stopped facing each other. Casey got out of his truck walked around on the right-hand side of Causey's car, reached in his pocket and got a pistol and shot Causey twice in the head. He then dragged the body of Causey out of the car to the ground, searched his pockets and got some money. He then took the body up from the ground and after two or three lunges got it back in the back seat of the car. He then got a pint bottle and raised the hood of the car and detached the carburetor and got some gasoline and poured about one-half on Causey's clothing, struck a match and set fire to same. The rest of the gasoline he poured on the car and set fire to it and burned the body and car almost beyond identification. Prior to this he had a dispute with the company which Causey worked for in the logging operations about stopping some money being paid him for timber sold off of land claimed by Causey's company. Among the numerous and like *quasi-threats,* is the following: "The G—d d— son of a bitch, he was going down there, said wherever he met with G—d d— son of a bitch, wherever he met him he was going down with him."

Defendant was tried at the September Special Term, 1930, of Lenoir County Superior Court. He was convicted of murder in the first degree, and sentenced to be electrocuted. He appealed to this Court and no error was found in the trial below. The opinion was filed 27 June,

1931. At August Term, 1931, after this Court had found that there was no error in the trial, the defendant filed this motion to set aside the judgment for newly discovered evidence and that certain jurors were disqualified. His Honor Judge W. A. Devin refused to hear the motion on the ground that he had no power, as the cause was not pending in the Superior Court of Lenoir County, also "the court further finds that the alleged newly discovered evidence seems to be in contradiction and cumulative, and considering the great mass of testimony offered at the trial from more than 100 witnesses, doubts that this evidence would have changed the result reached by the jury."

I think the main opinion granting the power of the court below, after affirmance of judgment in a criminal case in this Court, to entertain a motion for newly discovered evidence is contrary to our well settled rule of practice and procedure, the Constitution and statutes applicable to the subject, and the ruling of Judge Devin is correct. In fact, the practice was so well settled in this jurisdiction that the Superior Court could not grant this motion after affirmance of judgment in this Court, that "The Rules of Practice in the North Carolina Superior Courts," 200 N. C., at p. 843, *et seq.,* prepared by this Court, makes reference to no such power and in regard to this practice as set forth in the main opinion, is as silent as the tomb. "Rules of Practice of the Supreme Court of North Carolina," 200 N. C., at p. 811, annotated by the learned *Chief Justice.* At p. 840, we find the following:

"New trial for newly discovered evidence in civil cases.—*Moore v. Tidwell,* 194—186; *Smith v. Moore,* 150—158; *Black v. Black,* 111—301.

Requirements stated.—*Johnson v. R. R.,* 163—431.

Motion in Superior Court after affirmance on appeal.—*Allen v. Gooding,* 174—271.

Newly discovered evidence not considered in criminal cases.—*S. v. Griffin,* 190—133; *S. v. Lilliston,* 141—857."

This annotation is in bold type "Newly discovered evidence not considered in criminal cases." Why? Because the practice and procedure was well settled in this jurisdiction and the *Chief Justice* had it put in bold type.

In the case of *Allen v. Gooding, supra,* speaking of *civil cases,* at p. 272, we find: "The first case raising this question, after the changes in procedure following the adoption of the Constitution of 1868, was *Bledsoe v. Nixon,* 69 N. C., 81, in which it was held that an appeal took the whole case to the Supreme Court, and that when an appeal was taken the Superior Court could not entertain the motion. This con-

tinued to be the law until the act of 1887, was passed, and since then it has been settled that the case remains in the Superior Court, and that while a motion for a new trial for newly discovered evidence may be considered in the Supreme Court while the appeal is pending therein, upon the judgment and opinion of the Supreme Court being certified to the Superior Court, the motion may be heard in the Superior Court at the next term. *Black v. Black,* 111 N. C., 303; *Banking Co. v. Morehead,* 126 N. C., 282; *Smith v. Moore,* 150 N. C., 159."

In *S. v. Lilliston,* 141 N. C., at p. 865, speaking of *criminal cases,* we find: "In *S. v. Rowe,* 98 N. C., 630, *Davis, J.,* says: 'Upon careful consideration, we must adhere to the principle that in criminal actions the appellate jurisdiction of this Court is limited to a review and correction of errors of law committed in the trial below. *S. v. Jones,* 69 N. C., 16; *S. v. Starnes,* 94 N. C., 973.' The cases cited show that the Court adhered to its previous rulings on grounds broad enough to apply both to motions for 'new trials for newly discovered evidence' and for 'rehearings.' The Court then proceeded to point out that there was no ground for the innovation which was sought, since the governor could look into the entire merits of the case and render any relief justice should demand. . . . (p. 866.) The prisoner rests his argument to overrule the uniform decisions and settled practice of this Court upon the following section 3272 of the Revisal (C. S., 4644) which reads: 'The courts may grant new trials in criminal cases when defendant is found guilty under the same rules and regulations as in civil cases.' This clearly refers to the time *'when* he is found guilty,' and when that section is turned to, it will be found further that it is under sub-head 'Trials, Superior Court,' under which are grouped all the provisions peculiar to trials in that court, etc. . . . The Constitution, Art. IV, sec. 8, is conclusive: 'The Supreme Court shall have jurisdiction to review, upon appeal, any decision of the courts below, upon any matter of *law or legal inference,* and the jurisdiction of said court over 'issues of fact' or 'questions of fact' shall be the same as exercised by it before the adoption of the Constitution of 1868.' "

In *S. v. Griffin,* 190 N. C., at p. 135, *Adams, J.,* speaking for the Court, says: "Pending the appeal, and immediately before the argument, the defendant filed a written motion for a new trial on the ground of newly discovered evidence. The motion, of course, must be denied. In *S. v. Lilliston,* 141 N. C., 857, it is said that because the Court has no jurisdiction it has never entertained a motion of this kind, and that by uniformity of practice and decision the point has been definitely settled against the defendant's present contention. There are many cases to this effect. *S. v. Flood, post, (per curiam)* ; *S. v. Hartsfield,* 188 N. C., 357; *S. v. Williams,* 185 N. C., 643, 664; *S. v. Jenkins,* 182 N. C., 818;

*S. v. Ice Co.,* 166 N. C., 403; *S. v. Arthur,* 151 N. C., 653; *S. v. Turner,* 143 N. C., 641; *S. v. Register,* 133 N. C., 747; *S. v. Council,* 129 N. C., 511; *S. v. Edwards,* 126 N. C., 1051; *S. v. Rowe,* 98 N. C., 629; *S. v. Starnes,* 97 N. C., 423; *S. c.,* 94 N. C., 973."

It will be noted that the case of *S. v. Starnes,* 94 N. C., 973, *S. c.,* 97 N. C., 421; *S. v. Hartsfield,* 188 N. C., 357, and *S. v. Turner,* 143 N. C., 641, are all cited in the *Griffin case, supra,* to *sustain the lone position* that it cannot be done in the Supreme Court, and is as silent as death as to any power to grant new trial in the Superior Court after affirmance of the judgment in this Court. Nor do any of the above cases cited in the main opinion sustain the opinion. The nearest approach is *S. v. Starnes,* 97 N. C., 423. In that case, at p. 426, is the following: *"Without stopping to inquire whether at this late stage in the proceedings, and after an unsuccessful appeal to the Supreme Court upon alleged errors in law, such an application can be entertained in the Superior Court,* to whose jurisdiction the cause has been remitted, we proceed, as did the judge who assumed the right to act upon the application, to consider the case upon its merits, as if made in due and apt time, and to a court having jurisdiction." (Italics mine.) Then this case was decided at February Term, 1887, and on an indictment found in 1886, before the act of 1887, chapter 192 (*Black v. Black,* 111 N. C., 300) went into effect, and at a time when the appeal vacated the judgment in the Superior Court.

In *S. v. Turner,* 143 N. C., at p. 643-4, we find: "But this Court has uniformly held that under the Constitution it has no power to entertain such motions in criminal cases, and has no desire to assume a function which can be more efficiently performed by the Executive. The authorities and the reasons governing us are too recently set forth in *S. v. Lilliston,* 141 N. C., 863-9, to require their repetition here. The jury did not act solely upon the testimony of Walker, for it acquitted the codefendant of the prisoner, who was also implicated by his testimony. At common law there was no appeal in any criminal case, the sole remedy being by application to the home office, which is equivalent to the application to the Governor here. To this day, this is still the law in England. Our Constitution has changed this only to allow an appeal for error of law below, 'on any matter of law or legal inference.' The organic law did not change the common law further so as to give criminals an appeal upon the facts, and did not allow us to review them upon affidavits as to facts not submitted to the jury. We have no right, as this Court has always held, to assume a power which the Constitution has left, as at common law, with the Executive Department. It is unnecessary for us to review the facts."

In *S. v. Hartsfield,* 188 N. C., at p. 358, is the following: "The defendant, *in limine,* lodged a motion for a new trial upon the ground of newly discovered evidence. It is alleged that the information which the defendant considers vital and important to his defense, came to his attention after the adjournment of the term of court at which the case was tried, and after the appeal was docketed here. *Allen v. Gooding,* 174 N. C., 271. It is the settled rule of practice with us, established by a long and uniform line of decisions, that new trials will not be awarded by this Court in criminal prosecutions for newly discovered evidence. *S. v. Williams,* 185 N. C., p. 664; *S. v. Jenkins,* 182 N. C., 818; *S. v. Lilliston,* 141 N. C., 857, and cases there cited. Such motion may be entertained in the Superior Court, *at least during the term at which the case was tried,* and allowed or not in the discretion of the judge presiding. *S. v. Trull,* 169 N. C., p. 370; *S. v. Starnes,* 97 N. C., 423. And ordinarily, the action of the trial court and his findings of fact on such motion are not subject to review on appeal. *S. v. DeGraff,* 113 N. C., p. 694." (Italics mine.)

The present *Chief Justice* wrote the *Hartsfield case.* In that case he cites the *Starnes case* and does not cite it as holding that the Superior Court, after affirmance of judgment in this Court has the power that he now contends it has. In *S. v. Jackson,* 199 N. C., 326-7, *Connor, J.,* quoting the *Hartsfield case,* takes the same view. These cases did not give the power. If they ever did, it was taken away by Pub. Laws 1925, chap. 55, sec. 1, which is as follows: "That section four thousand six hundred and sixty-three of the Consolidated Statutes of North Carolina (acts of one thousand nine hundred and nine, chapter four hundred and forty-three, section six) be amended by striking out said section entirely and substituting the following section in its place: 4363. In case of an appeal, should the Supreme Court find no error in the trial, or should the stay of execution granted by any competent judicial tribunal or proceeding, or reprieve by the Governor, have expired or terminated, such condemned person, convict or felon shall be executed, in the manner heretofore provided in this article, upon the third Friday after the filing of the opinion or order of the Supreme Court, or other competent judicial tribunal as aforesaid, or, in case of a reprieve by the Governor, such condemned person, convict or felon shall be executed in the manner heretofore provided in this article upon the third Friday after the expiration or termination of such reprieve; and it shall be the duty of the clerk of the Supreme Court, and of any other competent tribunal, as aforesaid, or the clerk thereof, to notify the warden of the penitentiary of the date of the filing of the opinion or order of such

court or other judicial tribunal, and in case of a reprieve by the Governor, it shall be the duty of the Governor to give notice to the warden of the State Penitentiary of the date of the expiration of such reprieve."

The act of 1925 is directly contrary to the position in the main opinion. There is nothing in it giving this power, and, in fact, "Such condemned person, convict or felon shall be executed, in the manner heretofore provided in this article, upon the third Friday after the filing of the opinion or order of the Supreme Court," etc.

It would be practically impossible for a Superior Court at term to hear a petition for a new trial under this act in so short a time, in about three weeks, allowed to the condemned man, showing none was contemplated by the act. In fact, in numerous counties the Superior Courts do not meet more than two or three times each year. To grant a hearing of this kind, the Governor is bound to grant a reprieve as was done in this case, a hiatus in the law. Under the 1925 act the Governor is the only agency that could and has intervened. "The legislative, executive and judicial powers of the government ought to be forever separate and distinct from each other." Const. of N. C., Art. I, sec. 8. This act does recognize that the condemned man, after affirmance of the judgment by this Court, has, under the Constitution of the State a place to flee—a city for refuge (for the manslayer). Numbers, chap. 35, verse 6. Now the Governor under our Constitution in all cases of homicide is the city for refuge. Art. III, sec. 6, gives the power: "The Governor shall have power to grant reprieves, commutations and pardons, after conviction, of all offenses (except in cases of impeachment), upon such conditions as he may think proper, subject to such regulations as may be provided by law relative to the manner of applying for pardons. He shall biennially communicate to the General Assembly each case of reprieve, commutation or pardon granted, stating the name of each convict, the crime for which he was convicted, the sentence and its date, and date of commutation, pardon or reprieve, and the reasons therefor."

This horrible killing and cremation of Causey by defendant took place on 3 July, 1930, nearly one year and a half ago. Another Superior Court does not convene in Lenoir County until 14 December, 1931. Then, again, an appeal perhaps to this Court. If the judgment is affirmed, then, again in the Superior Court at term a motion for newly discovered evidence, then again, an appeal to this Court. Where and when is a criminal case ended? For a generation the position taken in this dissent has been well settled law and universally recognized by the profession.

The main opinion has no act of the General Assembly to support it, and is in the very teeth of the written law (Laws 1925, chap. 55). To allow this motion the practice and procedure in criminal cases will be, as it were, in quick-sand.

In Underhill's Crim. Ev. (3d ed.), part sec. 785, p. 1088, we find the general law contrary to the main opinion, as follows: *"In the absence of a permissive statute, a court has no power to grant a new trial in case of a felony on account of newly discovered evidence.* As regards misdemeanors, a court possessing general jurisdiction has inherent power at common law to grant a new trial on a motion, if it shall appear that justice will be advanced thereby. *So far as felonies are concerned, the right of the accused to a new trial, upon the grounds of newly discovered evidence, is wholly the creature of statutes, which usually provide for the cases in which the right may be recognized, and the mode in which its exercise may be secured. The right to a new trial is never absolute."* (Italics mine.) In a note is the following: "It may be well in this place to call attention to a rule, which, in the absence of a statute prescribing when a motion for a new trial must be made, requires that it shall be made *before the expiration of the term at which the trial was had. People v. Bradner,* 107 N. Y., 1; 13 N. E., 87; *Ex Parte Holmes,* 21 Nebr., 324, 32 N. W., 69; *People v. Hovey,* 20 Hun. (N. Y.), 345." (Italics mine.)

As to equal protection of the law, thrown into the main opinion, it may be said that our Constitution gives the Governor sovereign and plenary power in dealing with those convicted of crime. It makes a distinction between human and material things by giving the Governor a sovereign power after conviction, of all offenses, "to grant reprieves, commutations and pardons, . . . upon such conditions as he may think proper."

This is a new departure, without precedent, provides for delay and fraught with possibilities of untold evil. Orderly government is the very foundation of our civilization. Mob violence for any crime is abhorrent, therefore it is incumbent to have speedy trials "and right and justice administered without sale, denial or delay." Const. N. C., Art. I, sec. 25. Applications for new trials on newly discovered evidence are not favored by the courts and are subjected to the closest scrutiny to prevent as far as possible fraud and imposition, which defeated parties may be tempted to practice.